COOKE ET AL., APPELLANTS, *v.* KINNEY, COMMR., APPELLEE.

[Cite as Cooke v. Kinney (1981), 65 Ohio St. 2d 7.]

(No. 80-728—Decided March 4, 1981.)

*Messrs. Thompson, Hine & Flory, Mr. Daniel W. Hammer, Mr. David L. Parham, Mr. Stephen H. Daniels, Messrs. Longano, Papandreas, Mendelsohn, Fahrer & Marksz* and *Mr. Robert F. Longano,* for appellants.

*Mr. William J. Brown,* attorney general, and *Mr. John C. Duffy, Jr.,* for appellee.

*Per Curiam.* Appellants seek to challenge the triennial real property assessment completed by the Cuyahoga County auditor and approved by the Commissioner of Tax Equalization for the tax year 1979. The commissioner reviewed the assessment pursuant to R. C. 5715.24, which reads in pertinent part:

"(A) The commissioner of tax equalization, annually, shall determine whether the real property and the various classes

thereof in the several counties***which have completed a sexennial reappraisal in the current year and which will have the new taxable values placed on the tax list and duplicate have been assessed as required by law***.

"(B) Division (A) of this section also applies to a county in the third calendar year following the year in which a sexennial reappraisal is completed."

Appellants brought this appeal under the authority of R. C. 5717.02,* which allows appeals from final determinations by the Tax Commissioner or Commissioner of Tax Equalization to the Board of Tax Appeals. The board, like any statutorily created body, is limited to the powers specifically prescribed in the applicable statutes. *Steward* v. *Evatt*, (1944), 143 Ohio St. 547. A litigant has no inherent right of appeal or review. Such right is purely statutory and requires the appellant to comply with the appeal provisions of the law. *American Restaurant & Lunch Co.* v. *Glander* (1946), 147 Ohio St. 147; *Zier* v. *Bureau of Unemployment Comp.* (1949), 151 Ohio St. 123; *Lindblom* v. *Bd. of Tax Appeals* (1949), 151 Ohio St. 250.

An examination of R. C. 5717.02 reveals that the statute gives no right to appeal from a review of the triennial real property assessment made by the Commissioner of Tax Equalization. Such a review is not a final determination within the meaning of the statute. The act of the commissioner merely authorizes the county auditor to use the approved abstract to calculate real property taxes upon a tax duplicate.

---

* R. C. 5717.02 provides:

"Appeals from final determinations by the tax commissioner or the commissioner of tax equalization of any preliminary, amended, or final tax assessments, reassessments, valuations, determinations, findings, computations, or orders made by either commissioner may be taken to the board of tax appeals by the taxpayer, by the person to whom notice of the tax assessment, reassessment, valuation, determination, finding, computation, or order by either commissioner is required by law to be given***.

"Such appeals shall be taken by the filing of a notice of appeal with the board, and with the tax commissioner if his action is the subject of the appeal, or with the commissioner of tax equalization if his action is the subject of the appeal, within thirty days after notice of the tax assessment, reassessment, valuation, determination, finding, computation, or order by either commissioner has been given or otherwise evidenced as required by law.***"

Once this valuation appears, appellants can then file a complaint with the county board of revision pursuant to R. C. 5715.19, which, in pertinent part, provides:

"***Any taxpayer may file***a complaint [against any valuation or assessment that appears on the tax duplicate] as to the valuation or assessment of or a determination affecting his own or another's real property, and***the mayor or legislative authority of any municipal corporation in any county may file such a complaint. The county auditor shall present to the county board of revision all complaints filed with him***."

R. C. 5715.19 provides the forum in which complaints concerning the method of real property valuation or tax assessment may be heard. The Board of Tax Appeals properly held that it had no jurisdiction to hear the instant appeal. The review of the auditor's abstract is not an act which triggers the provisions for appeal found in R. C. 5717.02.

Accordingly, the decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, STEPHENSON, LOCHER, HOLMES and C. BROWN, JJ., concur.

STEPHENSON, J., of the Fourth Appellate District, sitting for SWEENEY, J.