**75 PUBLIC SQUARE et al., Appellants,**

v.

**CUYAHOGA COUNTY BOARD OF REVISION et al., Appellees.**

[Cite as *75 Public Square v. Cuyahoga Cty. Bd.
of Revision* (1991), 76 Ohio App.3d 340.]

Court of Appeals of Ohio,
Cuyahoga County.

Nos. 59325–59334, 59341, 60627–60630, 60659, 61052, 61136, 61306, 61434 and 61515.

Decided Nov. 25, 1991.

*Fred Siegel Co., L.P.A., Fred Siegel, Karen H. Bauernschmidt* and *Todd W. Sleggs,* for appellants.

*Stephanie Tubbs Jones,* Prosecuting Attorney, and *Jerry Dowling,* Assistant Prosecuting Attorney, for appellees Cuyahoga County Board of Revision and County Auditor.

*Armstrong, Gordon, Mitchell & Damiani, Timothy J. Armstrong* and *Michael L. Gordon,* for appellees Cleveland Board of Education and Warrensville Heights Board of Education.

PATTON, Judge.

The subject of this appeal is whether R.C. 5717.05, as amended effective March 17, 1989, is unconstitutional and whether the trial court's reliance thereon in dismissing the administrative appeals was unreasonable or unlawful.

The eleven cases that are consolidated in this appeal originated with the filing of eleven complaints with the Cuyahoga County Board of Revision, pursuant to R.C. 5715.19(A). Ten of the eleven complaints sought to increase the taxable value of real property in Cuyahoga County. The ten increase complaints were filed by the Cleveland Board of Education. The remaining

complaint was filed by the property owner and sought a decrease in the taxable value of property located in Warrensville Heights, Ohio.

In response to the eleven original complaints, eleven cross-complaints were filed with the Cuyahoga County Board of Revision, pursuant to R.C. 5715.-19(B). Ten of the cross-complaints were filed by the owners of the properties identified in the ten increase complaints filed by the Cleveland Board of Education. They requested that the value determined by the auditor be retained. The remaining cross-complaint was filed by the Warrensville Heights Board of Education. It also requested that the value as determined by the auditor be retained.

For each property involved, the board of revision heard the complaints of the school boards and property owners and issued decisions on each of the original complaints and cross-complaints.

The boards of education appealed the board of revision decisions to the Ohio Board of Tax Appeals pursuant to R.C. 5717.01. The property owners filed appeals to the Cuyahoga County Court of Common Pleas pursuant to R.C. 5717.05. In ten of the eleven cases, the board of education mailed the appeal to the Board of Tax Appeals before the corresponding appeal by the property owner was filed with the court of common pleas. In the remaining case of *75 Public Square v. Cuyahoga Cty. Bd. of Revision,* the board of education mailed its appeal the same day the property owner's appeal was filed with the court of common pleas. However, the property owner's notice of appeal to the court of common pleas was filed at 3:54 p.m. while the board of education's notice of appeal to the Board of Tax Appeals was filed at 12:20 p.m.

Motions were filed by the board of education in each of the appeals to the court of common pleas, seeking dismissal of the property owner's appeals. The board of education argued the statutes authorizing appeals from decisions of the board of revision provide that the appeal filed first takes precedence, citing R.C. 5717.05. The property owners filed briefs opposing the motions to dismiss, raising constitutional challenges to R.C. 5717.05. The board of education's motions to dismiss were originally denied but were subsequently granted upon reconsideration. Appeals of each dismissal were filed with this court and the cases were consolidated for briefing and disposition by this court upon motion of the appellants.

Appellants [1] raise eleven assignments of error which in essence present

---

1. Appellants are as follows: 75 Public Square (No. 59325); Leonard Fuchs, Trustee (No. 59326); Hanna Building Company (No. 59327); Western & Southern Insurance Co. (No. 59328); Manufacturers Life Ins. Co. (No. 59329); T.W. Grogan & Company (No. 59330); Terminal Investments, Inc. (No. 59331); Trembal Construction Co. (Nos. 59332–59334,

three issues for our review.[2]

### I

Appellants' primary contention is that R.C. 5717.05, as amended effective March 17, 1989, is unconstitutional. Appellants maintain R.C. 5717.05 deprives a property owner who contests a board of revision's decision its due process of law under the Ohio and United States Constitutions. Specifically, appellants argue the statute precludes a property owner from raising and litigating constitutional questions. Appellants' contentions lack merit.

R.C. 5717.01 authorizes any complainant before the board of revision to file an appeal from the board of revision's decision to the Board of Tax Appeals ("BTA"). Notice of such appeal must be filed with the BTA and the board of revision within thirty days after notice of the decision is mailed. The notice of appeal to the BTA may be filed in person or by certified mail. R.C. 5717.01 further provides:

" * * * If notice of appeal is filed by certified mail, the date of the United States postmark placed on the sender's receipt by the postal employee to whom the notice of appeal is presented shall be treated as the date of filing. * * * "

In each of the present appeals the notices of appeal to the BTA of the boards of education were filed by certified mail.

R.C. 5717.05 authorizes the property owner an alternative appeal to the court of common pleas. Appeals filed pursuant to R.C. 5717.05 must also be filed with the court of common pleas within thirty days from the date notice of the board of revision's decision is mailed.

In the event appeals are filed with the BTA pursuant to R.C. 5717.01 and also with the court of common pleas pursuant to R.C. 5717.05, then R.C. 5717.05, as amended effective March 17, 1989, sets forth the criteria for determining which forum acquires jurisdiction. It provides in relevant part:

"When the appeal has been perfected by the filing of notice of appeal as required by this section, and an appeal from the same decision of the county board of revision is filed under section 5717.01 of the Revised Code with the board of tax appeals, *the forum in which the first notice of appeal is filed shall have exclusive jurisdiction over the appeal.*" (Emphasis added.)

---

60659, 61052 and 61136); Euclid Office Plaza, Ltd. (No. 59341); H.O.B. S & R Playhouse Realty Co. (No. 60627); S & R Playhouse Realty Co. (Nos. 60628–60630); Hotel Statler et al. (No. 61306); Carl Milstein, Trustee (No. 61434); Amitel Limited Partnership (No. 61515).

**2.** See Appendix for list of assignments of error.

Prior to the amendment of R.C. 5717.05, when a property owner filed an appeal in the court of common pleas, any appeal filed in the BTA was required to be dismissed and the court of common pleas retained exclusive jurisdiction. After the amendment the forum in which the notice of appeal is first filed acquires exclusive jurisdiction over the appeal.

Initially, we will address appellants' constitutional arguments.

 As a general rule, "[a]ll legislative enactments enjoy a presumption of constitutionality." *Sedar v. Knowlton Constr. Co.* (1990), 49 Ohio St.3d 193, 199, 551 N.E.2d 938, 944, citing *Hardy v. VerMeulen* (1987), 32 Ohio St.3d 45, 48, 512 N.E.2d 626, 629. Courts must apply all presumptions and germane rules of construction to uphold the challenged statutes if at all possible. *Sedar, supra,* citing *State v. Dorso* (1983), 4 Ohio St.3d 60, 61, 4 OBR 150, 151, 446 N.E.2d 449, 450. Moreover, a statute can be declared invalid only when its unconstitutionality is shown beyond a reasonable doubt. *Bd. of Edn. v. Walter* (1979), 58 Ohio St.2d 368, 376, 12 O.O.3d 327, 332, 390 N.E.2d 813, 819.

 Due process mandates that prior to an administrative action which results in a deprivation of an individual's liberty or property, the governmental agency must afford that individual reasonable notice and an opportunity to be heard. *State ex rel. Great Lakes College v. Medical Bd.* (1972), 29 Ohio St.2d 198, 58 O.O.2d 406, 280 N.E.2d 900. Consequently, the fundamental requisite of due process of law is the opportunity to be heard. *Greene v. Lindsey* (1982), 456 U.S. 444, 102 S.Ct. 1874, 72 L.Ed.2d 249.

 In the instant case, the appellants incorrectly assert that they are precluded from raising and preserving their constitutional arguments in the proceedings before the BTA. Thus, they are not denied the opportunity to be heard.

 Appellants correctly assert that the Board of Tax Appeals is an administrative agency, a creature of statute, and is without jurisdiction to determine the constitutional validity of a statute. *Cleveland Gear Co. v. Limbach* (1988), 35 Ohio St.3d 229, 520 N.E.2d 188, paragraph one of the syllabus. However, the Supreme Court of Ohio has held that the question of whether a tax statute is unconstitutional when applied to a particular state of facts must be raised in the notice of appeal to the Board of Tax Appeals, and the Board of Tax Appeals must receive evidence concerning this question if presented, even though the Board of Tax Appeals may not declare the statute unconstitutional. *Id.* at paragraph three of the syllabus.

 Thus, it follows that the appellants may raise their constitutional arguments in the proceedings before the BTA. The reason for this is that a

reviewing court needs a record, and the proponent of the constitutionality of the statute needs notice and an opportunity to offer testimony when a statute is challenged on the basis that it is unconstitutional in its application. Furthermore, if the appellants wish to raise a constitutional argument challenging the constitutionality of a tax statute on its face that argument may be raised initially in the Supreme Court or the courts of appeals, although not previously raised before the Board of Tax Appeals. *Cleveland Gear Co. v. Limbach, supra,* at paragraph two of the syllabus.

In light of the above, we conclude the appellants are not denied the right to assert their constitutional claims. Those claims may be raised before the BTA, the Supreme Court or the courts of appeals following the conclusion of the BTA proceedings.

■ Appellants next contend that a court of common pleas possesses superior rights to jurisdiction as a "court of general jurisdiction." Thus, appellants argue they are entitled to review in the courts of common pleas.

Article IV, Section 4(B) of the Ohio Constitution grants two types of jurisdiction to common pleas courts, as follows:

"The courts of common pleas and divisions thereof shall have [1] such original jurisdiction over all justiciable matters and [2] such powers of review of proceedings of administrative officers and agencies *as may be provided by law.*" (Emphasis added.)

The instant case involves the review of proceedings of an administrative agency. Thus, pursuant to Section 4(B), Article IV, the role of the courts of common pleas in an administrative appeal pursuant to R.C. 5717.05 is not one of a "court of general jurisdiction" but rather is limited to the authority provided by statute. Accordingly, we find the general jurisdictional provisions of the court of common pleas are inapplicable to the instant case and there exists no conflict of jurisdiction. Thus, appellants' contention that they may proceed in the court of common pleas lacks merit.

Lastly, appellants suggest throughout their brief that R.C. 5717.05 creates an impermissible "race to the courthouse" in violation of the Due Process Clauses of the Ohio and United States Constitutions. However, appellants fail to cite any authority to support this position and our research has failed to uncover any precedent for their argument.

Accordingly, we reject appellants' argument especially in light of our previous finding that appellants are not precluded from raising their constitutional claims in the proceedings before the BTA. We decline to find that R.C. 5717.05 impermissibly denies appellants due process where the appellants are provided the opportunity to be heard before the BTA and in subsequent

appeals, therefrom, to the Supreme Court or the courts of appeals. We thus uphold the constitutional validity of R.C. 5717.05, as amended effective March 17, 1989, and dismiss appellants' due process attacks.

## II

■ Appellants next maintain the trial court's decision granting the motions to dismiss of the boards of education was unreasonable, unlawful and constituted an abuse of discretion. Appellants' contentions lack merit.

The motions to dismiss asserted that the decisions sought to be appealed in the court of common pleas were previously appealed to the Board of Tax Appeals and accordingly the court of common pleas lacked jurisdiction pursuant to R.C. 5717.05.

Review of the record indicates that in ten out of the eleven cases, the boards of education perfected an appeal to the BTA pursuant to R.C. 5717.01 at least one day prior to the time that the property owner perfected its appeal of the same decision to the court of common pleas. Moreover, in *75 Public Square v. Cuyahoga Bd. of Revision*, the appeal to the BTA and the appeal to the court of common pleas were both filed on May 5, 1989. However, the property owner's appeal in the court of common pleas was filed at 3:54 p.m. while the board of education's appeal was filed at approximately 12:20 p.m.

R.C. 5717.05 expressly states, "the forum in which the first notice of appeal is filed shall have exclusive jurisdiction over the appeal." Thus, pursuant to R.C. 5717.05 the trial court correctly concluded it lacked jurisdiction. Accordingly, we find that it was not unreasonable, unlawful or an abuse of discretion to grant the motions to dismiss of the boards of education and appellants' contentions to the contrary lack merit.

## III

■ The remainder of the property owner's arguments relate to the merits of its appeal and were never addressed by the court of common pleas prior to dismissal. Those issues are not properly before this court at the present time.

As we noted previously, R.C. 5717.05 confers "exclusive jurisdiction" upon the forum in which the first notice of appeal is filed. In the instant case the notices of appeal were first filed in the BTA. Thus, pursuant to R.C. 5717.05 the trial court lacked jurisdiction. Since the trial court was without jurisdiction, it is not proper for this court to pass upon the other issues raised in the case until after they are properly brought in the forum provided by statute. *Bretton Ridge Club v. DeAngelis* (1985), 22 Ohio App.3d 65, 69, 22 OBR 162,

166, 488 N.E.2d 925, 928. We thus are unable to address the remaining claims at this time.

In light of the foregoing, the judgment of the Cuyahoga County Court of Common Pleas dismissing the appellants' administrative appeals is hereby affirmed.

*Judgment accordingly.*

ANN McMANAMON, P.J., and BLACKMON, J., concur.

APPENDIX

Assignment of Errors

Assignment of Error No. 1:

The decision of the Court of Common Pleas dismissing the appellant's appeal is unreasonable and unlawful and contrary to the laws of Ohio.

Assignment of Error No. 2:

The decision of the Court of Common Pleas is unreasonable and unlawful for the reason that it unlawfully shortens the time period for filing an appeal under Section 5717.05 of the Ohio Revised Code.

Assignment of Error No. 3:

Section 5717.05 Ohio Revised Code is unconstitutional for the reason that it does not allow an appellant a reasonable time to file an appeal to the Court of Common Pleas.

Assignment of Error No. 4:

The decision of the Court of Common Pleas is unreasonable and unlawful for the reason that the appellant timely filed its notice of appeal in full compliance with Section 5717.05 of the Ohio Revised Code.

Assignment of Error No. 5:

The decision of the Court of Common Pleas is unreasonable and unlawful for the reason that the court erred in determining that it lacked jurisdiction in this appeal.

Assignment of Error No. 6:

The decision of the Court of Common Pleas violates Article XII, Section 2 Ohio Constitution that property should be taxed by "Uniform Rule."

Assignment of Error No. 7:

The decision of the Court of Common Pleas violates the right of "equal protection" under Article I, Section 2 and Article II, Section 1, Ohio Constitution and Amendment XIV, Section I, United States Constitution.

Assignment of Error No. 8:

The decision of the Court of Common Pleas results in an unlawful taking of property in violation of the United States Constitution and the Ohio Constitution.

Assignment of Error No. 9:

The Court of Common Pleas acted unreasonably, unlawfully and abused its discretion in granting the appellee Cleveland Board of Education's motion for reconsideration.

Assignment of Error No. 10:

The legislative changes to Section 5717.05 Ohio Revised Code regarding the race to the courthouse for an appeal violates the Ohio Constitution and the United States Constitution.

Assignment of Error No. 11:

The Court of Common Pleas' dismissal of the appellant's appeal violates the right to due process under the Ohio Constitution and United States Constitutions.