MAKOWSKI, AUDITOR, ET AL., APPELLEES, *v.* LIMBACH, TAX COMMR., APPELLANT.

[Cite as *Makowski v. Limbach* (1992), 62 Ohio St.3d 412.]

(No. 90–2169—Submitted October 9, 1991—Decided January 29, 1992.)

*James R. Gorry*, for appellee Richard Makowski.

*Lee I. Fisher*, Attorney General, and *Richard C. Farrin*, for appellant.

---

*Per Curiam.* We conclude that the BTA's decision is unlawful and, consequently, reverse it.

Before the enactment of H.B. No. 146 (141 Ohio Laws, Part I, 1472, eff. September 11, 1985), a budget commission distributed its county's classified property tax collections, also known as the intangibles tax, to the county's public libraries (and other subdivisions). See former R.C. 5705.32, S.B. No. 117, 137 Ohio Laws, Part I, 291. H.B. No. 146 eliminated the classified property tax, R.C. 5707.04, and, to replace this revenue source, R.C. 5747.-03(A)(2) credited 6.3 percent of Ohio's income tax collections to the state library fund. See Am.Sub.H.B. No. 291, 140 Ohio Laws, Part II, 2872, 3231.

Under R.C. 5747.47(A), the commissioner estimates and certifies each county's guaranteed share of the ensuing year's fund balance by July 20 of each year and revises these estimates in December and the following June. Under R.C. 5747.47(B), the commissioner distributes the fund to the counties for the first six months of each year according to the December estimate and, for the last six months, according to the June estimate. She also adjusts the first six months of each year to account for overpayments or underpayments in the preceding year.

R.C. 5747.46(G)(1) defines "guaranteed share" as:

" * * * [F]or a distribution year, the product obtained by multiplying a county's total entitlement for the preceding distribution year by the inflation factor. If the sum of the guaranteed shares for all counties exceeds the year's fund balance, the guaranteed shares of all counties shall be reduced by a percentage that will result in the sum of such guaranteed shares being equal to the year's fund balance."

R.C. 5747.46(D) defines "inflation factor" as:

" * * * [T]he quotient obtained by dividing the CPI [Consumer Price Index for all urban consumers, R.C. 5747.46(C) ] for May of the year preceding the distribution year by the CPI for May of the second preceding year. * * * "

Uncodified Section 4(B) of H.B. No. 146 provides:

"For purposes of making the estimates and revised estimates of and the distributions of the 1986 calendar year's fund balance under sections 5747.46 and 5747.47 of the Revised Code, the following provisions shall apply:

"(1) Each county's guaranteed share shall be determined by multiplying 94 per cent of the 1986 fund balance by a fraction, the numerator of which is the sum of the taxes levied for 1985 on that county's classified tax list and the denominator of which is the sum of the taxes levied for 1985 on all counties' classified tax lists."

Finally, according to R.C. 5747.48, the county treasurer distributes the balance in the county's library fund on the fifteenth day of each month among the qualifying participants in accordance with the budget commission's allocation under R.C. 5705.32.

In this case, the commissioner argues that the BTA had no jurisdiction to review the result of the 1986 calculation, from which all later distributions stem, because the auditor and the budget commission had not filed an appeal from that certification. She alternatively contends that *res judicata* or collateral estoppel bar recalculation of the 1986 guaranteed share to ascertain the 1987 and 1988 certifications. Makowski responds that the BTA has jurisdiction to order correction of the error on the 1985 classified property tax list and recalculation of the 1987 and 1988 fund distributions and that an uncontested administrative order, made without notice and opportunity for hearing, has no preclusive *res judicata* or collateral estoppel effect. While we reverse, our analysis and resolution travel a different course than that taken by the commissioner.

The commissioner's certification is not a final order under R.C. 5717.02. In *Cooke v. Kinney* (1981), 65 Ohio St.2d 7, 19 O.O.3d 154, 417 N.E.2d 106, we held that taxpayers, who were also city councilmen, could not appeal the Commissioner of Tax Equalization's order approving the real property abstract for Cuyahoga County, a function now undertaken by the Tax Commissioner. We recited the principles that a litigant has no inherent right of appeal and such right is purely statutory, requiring an appellant to comply with the appeal provisions of the statute. We ruled that the commissioner's approval of the triennial real property abstract simply authorized the county auditor to use the approved abstract to calculate real property taxes on the tax duplicate. We refused to find the order approving the abstract to be a final determination pursuant to R.C. 5717.02, under which appellants had

appealed.[1]  We suggested that appellants file complaints, as taxpayers, with their county board of revision contesting the value of individual parcels.

In the certification process of this case, the commissioner estimates the state library fund and calculates an amount that a county should receive.  The certification advises the county budget commission of the expected amount that it will allocate to public libraries under R.C. 5705.32.  The commissioner's calculations stem from abstracts of tax duplicates certified to her by the county auditors concerning the classified property tax amounts collected in 1985, and include an adjustment for inflation according to the well-disseminated Consumer Price Index.  The actual distributions, however, are based on firmer estimates and are adjusted for incorrect fund projections.  Thus, the commissioner does not adjudicate any matter in this process; she performs ministerial functions by applying known numbers to estimated income tax collections.

Consequently, these certifications, like the order in *Cooke*, are not final determinations and are not appealable under R.C. 5717.02.

Accordingly, the BTA has no jurisdiction over these matters, and we vacate the BTA's decision.

*Decision vacated.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

---

1. County auditors may appeal the commissioner's decision on the abstract under R.C. 5715.251.