JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, 4500 LTD., appeals the decision of the Cuyahoga County Common Pleas Court that granted the motion to dismiss filed by defendant-appellee, Cleveland Municipal School District Board of Education. For the reasons that follow, we affirm.
 {¶ 2} The record reveals that on February 1, 2001, the Cuyahoga County Auditor and Board of Revision (collectively referred to as the "BOR") determined that a parcel of real property owned by appellant had increased in value from its previous 1997 determination and assessed the property accordingly. Challenging this value as too low, defendant-appellee, Cleveland Municipal School District Board of Education ("Board of Education"), on February 5, 2001, filed a notice of appeal to the Board of Tax Appeals as permitted by R.C. 5717.01. In its notice of appeal, the Board of Education named the BOR and appellant as appellees.
 {¶ 3} Appellant likewise challenged the BOR's determination and, on February 20, 2001, appealed to the common pleas court as alternatively authorized by R.C. 5717.05. In its notice of appeal, appellant named the BOR and the Board of Education as appellees.
 {¶ 4} The Board of Education filed a pre-answer motion to dismiss arguing that the trial court lacked jurisdiction because the Board of Education had filed its appeal first with the Board of Tax Appeals ("BTA"). Appellant opposed the motion on the basis that the Board of Education failed to perfect its appeal due to lack of service on one of the parties. It argued that the appeal filed in the common pleas court was, therefore, first in time because service was perfected first in that forum and jurisdiction was proper there.
 {¶ 5} The trial court granted the motion. Relying on this court's decisions in 75 Public Square v. Cuyahoga Cty. Bd. of Revision (1991),76 Ohio App.3d 340 and Trebmal Constr. v. Cuyahoga Cty. Bd. of Revision
(1994), 94 Ohio App.3d 246, the court stated that it was "unpersuaded by the perfection of service argument * * * and finds that the Board of Tax Appeals has exclusive jurisdiction over this appeal."
 {¶ 6} Appellant is now before this court and in its sole assignment of error contends that the trial court erred in dismissing its appeal on jurisdictional grounds.
 {¶ 7} R.C. Chapter 5717 governs tax appeals and provides that an aggrieved party can appeal a decision of the BOR either to the BTA under R.C. 5717.01 or, in the alternative, directly to the court of common pleas under R.C. 5717.05. If the appeal is taken to the common pleas court as provided in R.C. 5717.05, the appellant is required to serve the notice of appeal by certified mail on all parties to the proceeding before the BOR unless service is waived. This statute provides:
 {¶ 8} "As an alternative to the appeal provided for in section 5717.01 of the Revised Code, an appeal from the decision of a county board of revision may be taken directly to the court of common pleas of the county by the person in whose name the property is listed or sought to be listed for taxation. The appeal shall be taken by the filing of a notice of appeal with the court and with the board within thirty days after notice of the decision of the board is mailed as provided in section 5715.20 of the Revised Code. The county auditor and all parties to the proceeding before the board, other than the appellant filing the appeal in the court, shall be made appellees, and notice of the appeal shall be served upon them by certified mail unless waived.
 {¶ 9} "When the appeal has been perfected by the filing of notice of appeal as required by this section, and an appeal from the same decision of the county board of revision is filed under section 5717.01
of the Revised Code with the board of tax appeals, the forum in which the first notice of appeal is filed shall have exclusive jurisdiction over the appeal."
 {¶ 10} It is well established that a property owner who appeals to the common pleas court must adhere to the conditions imposed by R.C.5717.05 in order for jurisdiction to vest in that forum. See HuberHeights Circuit Courts v. Carne (1996), 74 Ohio St.3d 306, 308. Because these conditions are jurisdictional, appellant argues that jurisdiction is properly vested with the common pleas court in this case because it first obtained service on all parties as is required by R.C. 5715.05. We disagree.
 {¶ 11} By its very terms, R.C. 5717.05 is confined to the filing of a notice of appeal "as required by this section." Succinctly, that section requires appellant to serve by certified mail its notice of appeal to all other parties to the proceeding before the BOR unless waived. By way of contrast, an appeal taken to the BTA as provided by R.C. 5717.01 places the duty of service upon the BOR. "Upon receipt of such notice of appeal such county board of revision shall by certified mail notify all persons thereof who were parties to the proceeding before such county board of revision, and shall file proof of such notice with the board of tax appeals."
 {¶ 12} Nonetheless, R.C. 5717.05 vests exclusive jurisdiction with the forum "in which the first notice of appeal is filed." In this case, the Board of Education filed its notice with the BTA before appellant filed its notice with the common pleas court and, therefore, the BTA has exclusive jurisdiction. See Trebmal Constr., Inc. v. Cuyahoga Cty. Bd. ofRevision, 94 Ohio App.3d 246; HAP Ent. v. Cuyahoga Cty. Bd. of Revision
(Mar. 26, 1992), Cuyahoga App. No. 59946, 1992 Ohio App. Lexis 1560.
 {¶ 13} Appellant argues that it was denied due process when the trial court dismissed its appeal under R.C. 5717.05 because it was effectively denied a forum within which to address its dissatisfaction with the BOR's determination. We disagree.
 {¶ 14} It is well established that a litigant has no inherent right to appeal a tax determination, only a statutory right. See Cookev. Kinney (1981), 65 Ohio St.2d 7, 8. Comparing R.C. 5717.01 to 5717.05, a property owner such as appellant can appeal to the BTA as well as the common pleas court while a board of education is confined to appealing only to the BTA. Thus, contrary to appellant's argument, it is not foreclosed from contesting its taxable real estate value but may not be able to contest that valuation in the forum of its choice based on the filing priority provision contained in R.C. 5717.05. Accordingly, appellant's due process argument fails. See Trebmal,94 Ohio App.3d at 252-254; see, also, 75 Public Square v. Cuyahoga Cty. Bd. of Revision,76 Ohio App.3d at 345-347.
 {¶ 15} Prior to oral argument, appellant notified this court of its intention to rely on Cleveland Elec. Illuminating Co. v. Lake Cty.Bd. of Revision, 96 Ohio St.3d 165, 2002-Ohio-4033, motion for reconsideration denied 10/29/2002 Case Announcements, 2002-Ohio-5876. In that case, the Ohio Supreme Court held that a board of revision must certify its actions to all persons listed in R.C. 5715.20, including the Tax Commissioner, in order to start the running of the appeal time set forth in R.C. 5717.01. Id. at the syllabus. Appellant argues that because the Tax Commissioner was never notified of the BOR's decision in the instant case, this appeal is premature. Appellant appears to base its argument on the following language contained in the CEI opinion:
 {¶ 16} "Under our broad authority to limit the application of our decisions, * * *, we declare that this decision shall, with the exception of the subject litigants and cases currently pending at the time of this decision, operate prospectively only. In doing so, we hold that any appeal that has been completed before the date of this decision shall remain final, but for those appeals still pending or not yet filed, the R.C. 5717.01 30-day appeal time shall be calculated from the date of the latest certified mailing required by R.C. 5715.20." Id. at ¶ 20.
 {¶ 17} We, nonetheless, decline to address appellant's argument because the issue of notice is not before this court. Our review is confined to the issue facing the trial court; namely, whether the trial court properly dismissed appellant's appeal to that court on the basis that the Board of Education filed its appeal first with the BTA. Consequently, we decline the parties' invitation to decide the applicability of Cleveland Elec. Illuminating Co. v. Lake Cty. Bd. ofRevision, 96 Ohio St.3d 165, 2002-Ohio-4033 to the case before us.[1]
Judgment affirmed.
ANN DYKE, J., CONCURS IN JUDGMENT ONLY; FRANK D. CELEBREZZE, JR., J.,CONCURS.
 Keyword Summary
Jurisdiction of appeal from a decision of a Board of Revision upon competing notices of appeal.
[1] During oral argument, the Board of Education represented to this Court that the BTA had rendered a decision in this case in June 2002, which was in favor of the Board of Education's position. The Board of Education has intimated that this Court consider this ruling in reviewing the instant case. For the same reason that we declined to address the applicability of the CEI case, we decline to consider the issue facing the BTA.