VALIGORE, APPELLANT, *v.* CUYAHOGA COUNTY
BOARD OF REVISION ET AL., APPELLEES.

[Cite as *Valigore v. Cuyahoga Cty. Bd. of Revision,*
105 Ohio St.3d 302, 2005-Ohio-1733.]

(No. 2004–1200—Submitted March 30, 2005—Decided April 27, 2005.)

**Per Curiam.**

{¶ 1} The appellant, Michael Valigore Jr., challenges the value assigned to his real property by the Cuyahoga County Board of Revision for tax year 2000. That property—identified in the county auditor's records as parcel number 114–28–012—is improved with a single-family residence and a barn. The property is located at 19101 Nottingham Road in Cleveland.

{¶ 2} For the year in question, the Cuyahoga County Board of Revision determined that the true value of the property was $48,000 and the taxable value was $16,800. Valigore appealed from that decision under R.C. 5717.01 to the Board of Tax Appeals ("BTA"). The BTA found that Valigore had not presented sufficient evidence to support his claim that the board of revision had overvalued the land, and the BTA therefore determined that the taxable value of the property should remain unchanged from the value set by the board of revision.

{¶ 3} Valigore has now appealed as a matter of right to this court. For the reasons that follow, we affirm the BTA's decision.

{¶ 4} "When cases are appealed from a board of revision to the BTA, the burden of proof is on the appellant, whether it be a taxpayer or a board of education, to prove its right to an increase or decrease from the value determined by the board of revision." *Columbus City School Dist. Bd. of Edn. v. Franklin*

*Cty. Bd. of Revision* (2001), 90 Ohio St.3d 564, 566, 740 N.E.2d 276. And when the BTA is considering testimony about the value of property, "the BTA possesses wide discretion in evaluating the weight of the evidence and the credibility of the witnesses that come before it." *Fawn Lake Apts. v. Cuyahoga Cty. Bd. of Revision* (1999), 85 Ohio St.3d 609, 613, 710 N.E.2d 681.

{¶ 5} In this case, Valigore himself was the only witness who testified before the BTA. "Ohio law has long recognized that an owner of either real or personal property is, by virtue of such ownership, competent to testify as to the market value of the property," although the weight accorded to that testimony is a matter for the BTA to determine. *Smith v. Padgett* (1987), 32 Ohio St.3d 344, 347–348, 513 N.E.2d 737. As we have said, the BTA "may accept all, part, or none" of a witness's testimony. *Simmons v. Cuyahoga Cty. Bd. of Revision* (1998), 81 Ohio St.3d 47, 48, 689 N.E.2d 22.

{¶ 6} Once the BTA determines a value for property, as it did in this case, "that valuation is a finding of fact." *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision,* 90 Ohio St.3d at 565, 740 N.E.2d 276. That finding of fact will be undone by this court "only when it affirmatively appears from the record that such decision is unreasonable or unlawful." *Throckmorton v. Hamilton Cty. Bd. of Revision* (1996), 75 Ohio St.3d 227, 229, 661 N.E.2d 1095.

{¶ 7} In this case, the BTA's conclusion that the taxable value of the property should remain unchanged from the value set by the board of revision is supported by the evidence, and the BTA did not abuse its discretion in reaching that conclusion. Valigore told the BTA that the property's true value was $20,000, but he based that determination on the sales of other properties without providing sufficient evidence to the BTA about the circumstances of those sales or the similarities of those other properties to his own. And though Valigore urged the BTA to take into account the assessed value of a neighbor's property and to consider the rundown condition of his own, the BTA did not find the information sufficiently probative or reliable to justify a change from the value set by the board of revision. The BTA's findings on these issues were neither unreasonable nor unlawful.

{¶ 8} Valigore raises several additional arguments, including a claim that the BTA should have taken steps to protect him from his own alleged incompetence and should have granted current agricultural use value ("CAUV") status to his property for the year in question even though he had not applied for that status with the county auditor as R.C. 5713.31 provides. The BTA, however, "like any statutorily created body, is limited to the powers specifically prescribed in the applicable statutes." *Cooke v. Kinney* (1981), 65 Ohio St.2d 7, 8, 19 O.O.3d 154, 417 N.E.2d 106. No statutory provision empowers the BTA to appoint counsel or a guardian for property owners who allege that they are incompetent, and no

statutory provision allows the BTA to overlook an owner's failure to file the CAUV application described in R.C. 5713.31.

{¶ 9} Under R.C. 5717.03(B), the BTA's duty in reviewing a decision of a county board of revision is to "determine the taxable value of the property" when that value is disputed. The BTA has done so, and its determination is neither unreasonable nor unlawful. The BTA was not required—and indeed had no authority—to take the additional steps or address the additional concerns that Valigore has cited.

{¶ 10} For the reasons explained above, the decision of the Board of Tax Appeals is affirmed.[1]

Decision affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

––––––––––––

Michael Valigore Jr., pro se.

––––––––––––

1. Valigore's two motions seeking injunctive relief are hereby denied. His request to supplement the record is denied as moot. All of the additional documents and exhibits that he identifies are already part of the record before us.