[Cite as *Berea City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 2012-Ohio-4605.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98286

---

# BEREA CITY SCHOOL DISTRICT BOARD OF EDUCATION

PLAINTIFF-APPELLEE

vs.

# CUYAHOGA COUNTY BOARD OF REVISION, ET AL.

DEFENDANTS-APPELLEES

# [APPEAL BY 14043 BROOKPARK, INC.]

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Ohio Board of Tax Appeals
Case Nos. 2009-A-3433 and 2009-A-3434

**BEFORE:** Rocco, J., Boyle, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** October 4, 2012

**ATTORNEY FOR APPELLANT**

Charles Gruenspan
Charles Gruenspan Co., L.P.A.
601 Commerce Park Square Four
23240 Chagrin Boulevard
Cleveland, OH 44122

**ATTORNEYS FOR APPELLEES**

**For Berea City School District Board of Education**

Rita M. Jarrett
Kadish, Hinkel & Weibel
1360 East Ninth Street, Suite 400
Cleveland, OH 44114

**For Cuyahoga County Board of Revision and
Cuyahoga County Fiscal Officer**

Saundra J. Curtis-Patrick
Assistant County Prosecutor
1200 Ontario Street, 8th Floor
Cleveland, OH 44113

KENNETH A. ROCCO, J.:

{¶1} In this appeal assigned to the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1, appellant 14043 Brookpark, Inc. ("the owner") appeals from a decision by the Board of Tax Appeals ("BTA"). The BTA permitted appellee Berea City School District Board of Education ("the district") to voluntarily dismiss its appeal of the Cuyahoga County Board of Revision's ("the board's") 2008 tax valuation of the owner's property.

{¶2} The purpose of an accelerated appeal is to permit this court to render a brief and conclusory opinion. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (1st Dist.1983); App.R. 11(E).

{¶3} The owner presents three assignments of error that it argues together in contravention of App.R. 16(A)(7). The owner claims that the BTA acted improperly in: (1) "denying [the owner's] motion to remove its appeal from the Court of Common Pleas to the [BTA]"; (2) refusing to hear the owner's appeal of the board's tax valuation; and (3) dismissing the district's appeal of the board's tax valuation over the owner's objection.

{¶4} A review of the record demonstrates none of the owner's assignments of error has merit. They are, therefore, overruled, and the BTA's order is affirmed.

{¶5} The dates of the parties' actions in this case are pertinent to the disposition of this appeal. According to the record, in February 2009, the owner filed a complaint with

the board against the board's 2008 taxable valuation of the property. The owner claimed

the property's taxable valuation had decreased due to the state of the economy, and, thus,

sought a decrease of the property's taxable valuation in the amount of $276,920.

{¶6} In May 2009, the district filed a counter-complaint. The district wanted the

board's taxable valuation of the property to stand.

{¶7} The board scheduled the matter for a hearing in September 2009. Upon

considering the evidence offered by the parties, the board decreased the property's taxable

valuation by $141,200, allowing the owner a partial victory. By a letter dated November

4, 2009, the board notified the parties of its decision.

{¶8} On November 12, 2009, the district filed a notice of appeal of the board's

decision with the BTA pursuant to R.C. 5715.01.[1] On November 19, 2009, the BTA

administrator sent a letter to the district's attorney, acknowledging the appeal and

---

[1]R.C. 5715.01 provides in relevant part:

An appeal from a decision of a county board of revision may be taken to the board of tax appeals within thirty days after notice of the decision of the county board of revision is mailed * * *. Such appeal shall be taken by the *filing of a notice of appeal*, in person or by certified mail, express mail, or authorized delivery service, *with the board of tax appeals and with the county board of revision. * * * [T]he date of the United States postmark placed on the sender's receipt by the postal service or the date of receipt recorded by the authorized delivery service shall be treated as the date of filing. Upon receipt of such notice of appeal such county board of revision shall by certified mail notify all persons thereof who were parties to the proceeding before such county board of revision, and shall file proof of such notice with the board of tax appeals.* The county board of revision shall thereupon certify to the board of tax appeals a transcript of the record of the proceedings of the county board of revision pertaining to the original complaint, and all evidence offered in connection therewith. * * * . (Emphasis added.)

providing the assigned case number. The letter indicates carbon copies were sent to the county prosecutor, the county auditor, and the owner.

{¶9} On December 3, 2009, the owner filed a notice of appeal of the board's decision in the Cuyahoga County Court of Common Pleas pursuant to R.C. 5717.05.[2] On January 5, 2010, the board formally sent notice of the district's R.C. 5717.01 appeal to the owner.

{¶10} On January 14, 2010, the district filed in the common pleas court a motion to dismiss the owner's appeal, arguing that pursuant to R.C. 5717.01, the BTA had jurisdiction over the matter. On January 22, 2010, the owner filed a motion in the common pleas court, requesting the court simply to "remove" the appeal to the BTA. The court granted the motions on January 29, 2010.

---

[2]R.C. 5717.05 provides in relevant part:

As an alternative to the appeal provided for in section 5717.01 of the Revised Code, an appeal from the decision of a county board of revision may be taken directly to the court of common pleas of the county by the person in whose name the property is listed or sought to be listed for taxation. The appeal shall be taken by the filing of a notice of appeal with the court and with the board within thirty days after notice of the decision of the board is mailed as provided in section 5715.20 of the Revised Code. *The county auditor and all parties to the proceeding before the board, other than the appellant filing the appeal in the court, shall be made appellees, and notice of the appeal shall be served upon them by certified mail unless waived.* * * *

*When the appeal has been perfected by the filing of notice of appeal as required by this section, and an appeal from the same decision of the county board of revision is filed under section 5717.01 of the Revised Code with the board of tax appeals, the forum in which the first notice of appeal is filed shall have exclusive jurisdiction over the appeal.* (Emphasis added.)

{¶11} On February 1, 2010, the owner filed a similar motion with the BTA, requesting the BTA to "remove" the owner's appeal from the common pleas court to the BTA. That same day, the owner filed a request with the BTA to deny the district's motion should the district file a motion to voluntarily dismiss its appeal.

{¶12} On April 12, 2011, the BTA denied the owner's request for "removal" of the appeal from the common pleas court. On March 12, 2012, the district filed with the BTA a notice of voluntary dismissal of the district's appeal. On March 27, 2012, the BTA issued a decision that dismissed the district's appeal. The owner seeks review of the BTA's orders in this court.

{¶13} To repeat, the owner claims that the BTA acted improperly in: (1) "denying [the owner's] motion to remove its appeal from the Court of Common Pleas to the [BTA]"; (2) refusing to hear the owner's appeal of the board's tax valuation; and (3) dismissing the district's appeal of the board's tax valuation over the owner's objection. The owner's assignments of error are overruled on the authority of *Hope v. Highland Cty. Bd. of Revision*, 56 Ohio St.3d 68, 564 N.E.2d 433 (1990), *Trebmal Constr. v. Cuy. Cty. Bd. of Revision*, 93 Ohio App.3d 246, 640 N.E.2d 601 (8th Dist.1994), and *Meadows Dev., L.L.C. v. Champaign Cty. Bd. of Revision*, 124 Ohio St. 3d 349, 2010-Ohio-249, 922 N.E.2d 209. *See also 1495 Jaeger, L.L.C. v. Cuyahoga Cty. Bd. of Revision,* 132 Ohio St.3d 222, 2012-Ohio-2680, 970 N.E.2d 949, ¶ 15.

{¶14} In *Hope*, the supreme court stated:

> Adherence to the provisions of the appellate statutes *is essential to confer jurisdiction upon the BTA to hear appeals*. *American Restaurant &*

*Lunch Co. v. Bowers* (1946), 147 Ohio St. 147, 34 O.O. 8, 70 N.E. 2d 93. \* \* \* . *Failure to comply with the appellate statute is fatal to the appeal. Austin Co. v. Cuyahoga Cty. Bd. of Revision* (1989), 46 Ohio St. 3d 192, 546 N.E. 2d 404. *See, also*, *Fineberg v. Kosydar* (1975), 44 Ohio St.2d 1, 73 O.O. 2d 1, 335 N.E. 2d 705; and *Zephyr Room, Inc. v. Bowers* (1955), 164 Ohio St. 287, 58 O.O. 67, 130 N.E. 2d 362. (Emphasis added.)

**{¶15}** In *Trebmal*, this court observed, "To preserve the litigation of taxable values, it was necessary for both [the district] *and* [the owner] to file their *own* appeals with the BTA, where its jurisdiction became exclusive." (Emphasis added.) *Id*. at 253, citing *Sears, Roebuck & Co. v. Franklin Cty. Bd. of Revision*, 62 Ohio St.3d 156, 580 N.E.2d 775 (1991). *See also 75 Public Square v. Cuyahoga Cty. Bd. of Revision*, 76 Ohio App.3d 340, 601 N.E.2d 628 (8th Dist.1991)

**{¶16}** Moreover, in *Meadows*, at ¶ 14, the supreme court reiterated that, being administrative tribunals, boards of tax appeals have inherent authority to reconsider their own decisions because the power to decide in the first instance automatically carries with it the power to reconsider; however, their authority *does not* extend beyond either the *actual institution* of an appeal or *expiration of the time for appeal.* (Emphasis added.)

**{¶17}** Based upon the foregoing, the BTA had jurisdiction in this case only over the district's appeal. Nothing in the statute prevented the district from dismissing its appeal to the BTA over the objection of the other parties. Ohio Adm.Code 5717-1-17(A). *Compare Tower City Props. v. Cuyahoga Cty. Bd. of Revision*, 49 Ohio St.3d 67, 70, 551 N.E.2d 122 (prior version of statute prevented unilateral dismissal of court appeal).

**{¶18}** Neither the BTA nor this court has the authority to rewrite statutes. *Jefferson Golf & Country Club v. Leonard*, 10th Dist. No. 11AP-434, 2011-Ohio-6829, ¶ 29. R.C. 5717.01 contains no time period in which *the board* must send a formal notice to interested parties that an appeal of the board's decision has been filed with the BTA.[3] *Compare Austin Co. v. Cuyahoga Cty. Bd. of Revision*, 46 Ohio St.3d 192, 546 N.E.2d 404 (1989) (filing of notice of appeal with board is jurisdictional requirement).

**{¶19}** The record of this case reflects the owner received notice of the district's appeal of the board's decision through the BTA by way of a carbon copy of the acknowledgment letter the BTA sent to the district. Rather than institute a timely appeal of its own with the BTA, the owner sought to take advantage of the board's tardiness in providing formal notification to the parties of the district's appeal, seeking to obtain another tribunal.

**{¶20}** Because the language of R.C. 5717.01 demonstrates the board's formal notification to parties that an appeal has been filed is not a jurisdictional requirement, the owner's effort did not, in itself, serve to confer jurisdiction on the BTA over the owner's R.C. 5717.05 appeal. *Trebmal*. Simply put, the district acted first to secure its tribunal; the owner did not.

---

[3] This is not to say that this court approves of the board's tardiness in providing formal notice to the owner of the district's appeal to the BTA. In light of Ohio Adm.Code 5717-1-09(B), which requires the board to certify the transcript to the BTA within 45 days of the filing of a notice of appeal to the BTA, the formal notification of the appeal should be made to the parties within the same time period.

**{¶21}** Under these circumstances, the BTA did not act in an unreasonable and unlawful manner in either refusing to entertain an appeal by the owner or allowing the district to dismiss its appeal.

**{¶22}** Accordingly, the owner's assignments of error are overruled.

**{¶23}** The BTA's decisions are affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

MARY J. BOYLE, P.J., and
JAMES J. SWEENEY, J., CONCUR