[Cite as *Northpoint Properties, Inc. v. Cuyahoga Cty. Fiscal Officer*, 2013-Ohio-3156.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99515

# NORTHPOINT PROPERTIES, INC., ETC.

### PLAINTIFF-APPELLANT

vs.

# CUYAHOGA COUNTY FISCAL OFFICER, ETC., ET AL.

### DEFENDANTS-APPELLEES

## JUDGMENT:
## AFFIRMED

Administrative Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CV-776153 and CV-776155

**BEFORE:** Jones, P.J., S. Gallagher, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** July 18, 2013

**ATTORNEY FOR APPELLANT**

Gretchen A. Holderman
Lillie & Holderman
75 Public Square
Suite 1313
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEES**

**For Cuyahoga County Fiscal Officer, Etc, et al.**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Mark R. Greenfield
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

**For Cleveland Metropolitan School District
Board of Education**

Jennifer A. Antoon
Robert A. Brindza
Daniel M. McIntyre
David A. Rose
David H. Seed
Brindza, McIntyre & Seed L.L.P.
1111 Superior Avenue
Suite 1025
Cleveland, Ohio 44114

LARRY A. JONES, SR., P.J.:

{¶1} In this appeal, assigned to the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1, plaintiff-appellant, Northpoint Properties, Inc. appeals the trial court's dismissal of its administrative appeal.   We affirm.

{¶2} The purpose of an accelerated appeal is to permit this court to render a brief and conclusory opinion.   *Berea City School Dist. Bd. of Edn. v. Cuyahoga Cty Bd. of Revision*, 8th Dist. No. 98286, 2012-Ohio-4605, ¶ 2, *appeal not accepted*, 135 Ohio St.3d 1414, 2013-Ohio-1622, 986 N.E.2d 30, citing *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (1st Dist.1983); App.R. 11(E).

## I.   Procedural History and Facts

{¶3} On January 19, 2012, defendant-appellee Cuyahoga County Board of Revision ("Board of Revision" or "BOR") dismissed Northpoint's complaint for the Board's 2010 tax year valuation on its property located at 75 Public Square in downtown Cleveland.

{¶4} Northpoint appealed the Board of Revision's decision to the court of common pleas, Cuyahoga C.P. No.   CV-776155; the court consolidated the case with Northpoint's appeal relative to the 2009 valuation of the same property, Cuyahoga C.P. No. CV-776153.   Northpoint then filed a motion asking the trial court to stay the proceedings in CV-776153 and to remand CV-776155 to the Board of Revisions arguing that the BOR had improperly dismissed its complaint without allowing Northpoint to fully present its evidence.   The defendant-appellee, Cleveland Metropolitan School District Board of Education ("school board"), opposed the motion to stay and for remand, arguing that the Board of Revision had properly dismissed Northpoint's complaint.

{¶5} On July 27, 2012, the trial court granted Northpoint's motion and issued an order remanding CV-776155 to the Board of Revision

> for a full hearing pursuant to [R.C.] 5715.11 due to improper dismissal. * * * Plaintiff shall notify court once Case No. CV-12-776155 has been heard by the board of revision. Plaintiff shall then motion the court to reinstate Case No. CV-12-776153.

{¶6} The Board of Revision held a hearing in November 2012 and issued a decision on November 28, 2012, finding no change in the value of the property. The school board filed a notice of appeal with the State of Ohio Board of Tax Appeals ("BTA") on November 29, 2012, based on the Board of Revision's valuation of the property.

{¶7} On December 17, 2012, Northpoint notified the trial court of the Board of Revision's decision and moved the court to "reinstate" its appeal in CV-776155. On the same day, Northpoint filed an "Amended Notice of Appeal" in that case to include the Board of Revision's November 28, 2012 decision.

{¶8} On December 20, 2012, Northpoint filed a motion to dismiss the school board's appeal in the Board of Tax Appeals. On December 26, the school board filed a motion to dismiss Northpoint's Amended Notice of Appeal in the trial court.

{¶9} In January 2013, the trial court granted the school district's motion and dismissed CV-776155, finding, in part:

> The appeal filed with this court by Northpoint on 02/16/12 was based on an improper dismissal by the BOR, a procedural error. The appeal filed by the school board on 11/29/12, after the BOR rendered its decision, was based on the merits of the case, i.e., the value of Northpoint's property. The court finds that the School Board's appeal does not arise "from the same decision of the county board of revision" as Appellant's original appeal to this court because the School Board's appeal deals with the valuation of the Appellant's property (merits of the case); whereas Appellant's appeal to this

Court dealt with an improper dismissal in which the BOR never reached the merits of the case.

Thus, with respect to the BOR's decision rendered on 11/28/12, jurisdiction is proper where the notice of appeal was first filed. The school board filed its notice of appeal with the Ohio Board of Tax Appeals on 11/29/12. Appellant filed its notice of appeal (styled as an amended notice of appeal) with this court on 12/17/12.

Therefore, pursuant to R.C. 5717.05, the appropriate forum for the appeal in CV-12-776155 is the Ohio Board of Tax Appeals. Thus, the school board's motion to dismiss is granted.

{¶10} Northpoint filed a timely notice of appeal with this court, raising the following assignment of error for our review:

The Cuyahoga County Court of Common Pleas committed reversible error when it improperly dismissed an administrative appeal in violation of Ohio Rules of Civil Procedure and the doctrine of jurisdictional priority where the case was remanded to the Cuyahoga County Board of Revision for purposes of a hearing and, after such hearing, the Cleveland [Metropolitan] School District Board of Education filed a notice of appeal to the State of Ohio Board of Tax Appeals nothwithstanding the conditions of the remand.

## II. Law and Analysis

{¶11} In its assignment of error, Northpoint argues that the trial court erred in granting the school board's motion to dismiss because the trial court, not the BTA, had jurisdiction over the case. According to Northpoint, the case remained pending in the trial court when the court remanded it to the Board of Revision for a hearing. The school

board argues that the trial court correctly granted its motion to dismiss because it did not have jurisdiction over the administrative appeal since the school board had already filed an appeal with the BTA.

{¶12} This court may not reverse the decision of the common pleas court in an administrative appeal absent an abuse of discretion.

> The independent judgment of the trial court should not be disturbed absent a showing of abuse of discretion. Specifically, an appeals court should not question the trial court's judgment, unless such determination is unreasonable, arbitrary, or unconscionable.

*Black v. Bd. of Revision*, 16 Ohio St.3d 11, 14, 475 N.E.2d 1264 (1985).

{¶13} R.C. 5717.01 provides: "[a]n appeal from a decision of a county board of revision may be taken to the board of tax appeals within thirty days after notice of the decision of the county board of revision is mailed."

> As an alternative to the appeal provided for in section 5717.01 of the Revised Code, an appeal from the decision of a county board of revision may be taken directly to the court of common pleas of the county by the person in whose name the property is listed or sought to be listed for taxation.

R.C. 5717.05.

{¶14} In this case, the trial court agreed with Northpoint that the Board of Revision had improperly dismissed its complaint for valuation and sent the case back to the BOR for a full hearing. The hearing was held on November 13, 2012, and the BOR issued its decision on November 28, 2012. In the letter to Northpoint giving its decision, the BOR stated it considered "evidence and testimony presented at [the] oral hearing." The letter also included an appeal provision:

> In order to assure your right to pursue this complaint further, you may appeal

this decision directly to the Court of Common Pleas of Cuyahoga County pursuant to Section 5717.05, or the Ohio Board of Tax Appeals under the provisions of Section 5717.01 of the Ohio Revised Code within 30 days from the date of mailing of this letter.

{¶15} On November 29, 2012, the school board filed a notice of appeal of the Board of Revision's decision with the Board of Tax Appeals. On December 17, 2012, Northpoint filed two documents with the trial court. Northpoint filed a single motion titled "Notification of Board of Revision Decision in Case Number CV 12-776155" and "Motion to Reinstate Case number CV 12-776153" under CV-776153 and CV-776155 and an "Amended Notice of Appeal" under CV-776155.

{¶16} Pursuant to R.C. 5717.05,

When the appeal has been perfected by the filing of notice of appeal as required by this section, and an appeal from the same decision of the county board of revision is filed under section 5717.01 of the Revised Code with the board of tax appeals, the forum in which the first notice of appeal is filed shall have exclusive jurisdiction over the appeal.

{¶17} Northpoint argues that the trial court maintained jurisdiction over its appeal because CV-776155 was remanded to the Board of Revision to hold a hearing and make findings of fact on the issue of the property's value. Because of this, Northpoint argues, its original appeal was "first in time" and remained pending until the BOR rendered its final decision. We disagree.

{¶18} The trial court remanded CV-776155 to the Board of Revision, finding that the BOR had improperly dismissed Northpoint's complaint. In its order for remand, the court specifically stated that it should be *notified* when the BOR rendered a decision in

CV-776155 and that Northpoint could move the court to *reinstate* the *other* case, CV-776153.   At no point did the court indicate it would, or could, retain jurisdiction over the appeal in CV-776155.

{¶19} Once the BOR advised Northpoint of its appellate rights in the November 28, 2012 letter, it was Northpoint's burden to file a new notice of appeal that followed all statutory guidelines.[1]

{¶20} Because the school board filed a notice of appeal with the Board of Tax Appeals first, the school board's appeal has jurisdictional priority pursuant to R.C. 5717.05.[2]   *See 75 Public Square v. Cuyahoga Cty. Bd. of Revision*, 76 Ohio App.3d 340, 601 N.E.2d 628 (8th Dist.1991) (holding the trial court lacked jurisdiction because R.C. 5717.05 confers "exclusive jurisdiction" upon the forum in which the first notice of appeal is filed and the notices of appeal were first filed in the BTA).

{¶21} Thus, pursuant to R.C. 5717.05, the trial court correctly concluded it lacked jurisdiction.   Accordingly, we find that it was not unreasonable, unlawful, or an abuse of discretion to grant the school board's motion to dismiss the school board and Northpoint's

---

[1] The record does not indicate whether Northpoint filed a notice of appeal with the BTA. *See Berea City School Dist. Bd. of Edn.*, 8th Dist. No. 98286, 2012-Ohio-4605, ¶15, citing *Trebmal Constr. v. Cuyahoga Cty. Bd. of Revision*, 94 Ohio App.3d 246, 253, 640 N.E.2d 601 (8th Dist.1994) ("To preserve the litigation of taxable values, it was necessary for both [parties] to file their own appeals with the BTA, where its jurisdiction became exclusive").

[2] Northpoint claims that the Board of Tax Appeals dismissed the school board's appeal because the common pleas court had jurisdiction over the appeal; however, there is no evidence of this assertion in the trial court record and any other evidence of this claim is not properly before this court.

contentions to the contrary lack merit.

**{¶22}** The assignment of error is overruled.

**{¶23}** Judgment affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LARRY A. JONES, SR., PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
TIM McCORMACK, J., CONCUR