[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 165.]

CLEVELAND ELECTRIC ILLUMINATING COMPANY ET AL., APPELLANTS, *v*. LAKE COUNTY BOARD OF REVISION ET AL., APPELLEES.

SOUTH BROAD COMPANY, LTD., APPELLANT, *v*. MONTGOMERY COUNTY BOARD OF REVISION ET AL., APPELLEES.

[Cite as *Cleveland Elec. Illum. Co. v. Lake Cty. Bd. of Revision,* 2002-Ohio-4033.]

*Taxation—Real property valuation—Boards of revision must certify their actions to all persons listed in R.C. 5715.20, including the Tax Commissioner, to start the running of the appeal time set forth in R.C. 5717.01— Requirements of R.C. 5715.20 are mandatory.*

(Nos. 2001-1009 and 2001-1872—Submitted May 8, 2002—Decided August 21, 2002.)

APPEAL from the Board of Tax Appeals, Nos. 00-K-1751, 00-K-1752, 00-K-1753, 00-K-1754, 00-K-1755, 00-K-1756, 00-K-1757 and 00-K-1758.

APPEAL from the Board of Tax Appeals, No. 00-M-2065.

———————————

SYLLABUS OF THE COURT

Boards of revision must certify their actions to all the persons listed in R.C. 5715.20, including the Tax Commissioner, to start the running of the appeal time set forth in R.C. 5717.01.

———————————

LUNDBERG STRATTON, J.

Case No. 2001-1009

{¶1} This case involves the issue of whether a board of tax revision must certify its action to all parties listed in R.C. 5715.20, including the Tax

Commissioner, to start the running of the appeal time set forth in R.C. 5717.01. We hold that it must because the requirements of R.C. 5715.20 are mandatory.

{¶2} This real property valuation case concerning the Perry Nuclear Power Plant for tax year 1994 is a continuation of the case determined by this court in *Cleveland Elec. Illum. Co. v. Lake Cty. Bd. of Revision* (1998), 80 Ohio St.3d 591, 687 N.E.2d 723. In its prior decision, the court held that the complaints filed by the Cleveland Electric Illuminating Company and the other property owners should not have been dismissed by the board of revision because their answers to the questions on the complaint substantially complied with R.C. 5715.13 and 5715.19. The case was remanded to the board of revision for a determination of value.

{¶3} After appellee Lake County Board of Revision ("Lake County BOR" or "board") determined a value for the Perry Nuclear Power Plant's real property, it endeavored to notify the parties of its decision. The board mailed notices to appellants Cleveland Electric Illuminating Company, Pennsylvania Power Company, Toledo Edison Company, and Ohio Edison Company (collectively, "CEI"), the owners of the Perry Nuclear Power Plant, and their counsel on July 25, 2000. On August 2, 2000, the Lake County BOR mailed notices to counsel for the appellee Perry Local School District.

{¶4} In a September 26, 2000 letter, counsel for CEI notified the Lake County Prosecuting Attorney that the Lake County BOR had not sent notice of its actions to the Tax Commissioner as required by R.C. 5715.20. In that same letter, counsel for CEI informed the prosecuting attorney that it did not believe that the appeal time would start until the Lake County BOR certified its action to the Tax Commissioner.

{¶5} On October 6, 2000, the Lake County BOR mailed a notice of its action to the Tax Commissioner. CEI subsequently filed its notices of appeal with the Board of Tax Appeals ("BTA") on October 18, 2000, and with the Lake County BOR on October 23, 2000.

**{¶6}** The Lake County BOR moved the BTA to dismiss CEI's appeals, alleging that CEI had not filed its notices of appeal within the period prescribed by R.C. 5717.01. After a hearing, the BTA granted the motion to dismiss. The BTA reasoned that it did not have jurisdiction because the action of the Lake County BOR became final 30 days after notice was mailed to CEI. The BTA further held that the Tax Commissioner was not a party to the proceedings before the Lake County BOR and was not an indispensable party to the proceedings.

Case No. 2001-1872

**{¶7}** Appellant, South Broad Company, Ltd. ("South Broad"), filed a real-property-valuation complaint with appellee Montgomery County Board of Revision ("Montgomery County BOR" or "board") for tax year 1999, and appellee Kettering City School District filed a countercomplaint. After a hearing, the Montgomery County BOR sent notices of its valuation by certified mail to South Broad and the Kettering City School District on November 6, 2000. The Montgomery County BOR did not send a notice of its action to the Tax Commissioner.

**{¶8}** South Broad filed a notice of appeal with the BTA on December 4, 2000, but it did not file a copy of its notice of appeal with the Montgomery County BOR. The Kettering City School District moved to dismiss the appeal, alleging that the BTA lacked jurisdiction in the matter because South Broad had failed to notify the Montgomery County BOR of its appeal within 30 days of November 6, 2000, i.e., the date on which notice of the board's action was mailed to South Broad. Upon reviewing R.C. 5715.20 and 5717.01, South Broad contended that its time to appeal had not yet begun to run because the Montgomery County BOR had failed to certify its action to the Tax Commissioner as required by R.C. 5715.20. The BTA granted the motion to dismiss, citing as its authority its decision in the CEI matter described above. The BTA held that South Broad's appeal time started to

run when notice of the Montgomery County BOR's decision was mailed to South Broad.

{¶9} These causes are before this court upon appeals as of right and have been consolidated for hearing and decision.

{¶10} We are asked to decide whether boards of revision must certify their actions to all the persons listed in R.C. 5715.20, including the Tax Commissioner, to start the running of the appeal time set forth in R.C. 5717.01. We answer in the affirmative.

{¶11} The requirements for appealing a decision of a board of revision to the BTA are contained in R.C. 5717.01. It states that an appeal may be taken "within thirty days after notice of the decision of the county board of revision is mailed as provided in section 5715.20 of the Revised Code." R.C. 5715.20 provides:

{¶12} "Whenever a county board of revision renders a decision on a complaint filed under section 5715.19 of the Revised Code, it shall certify its action by certified mail to the person in whose name the property is listed or sought to be listed, to the complainant if he is a person other than the person in whose name the property is listed or sought to be listed, and to the tax commissioner."

{¶13} In these cases, neither of the boards of revision certified its action to the Tax Commissioner. Moreover, representatives from the auditor's offices in Franklin, Hamilton, and Cuyahoga Counties testified before the BTA that they did not certify their respective board of revision's actions to the Tax Commissioner. The executive administrator of property taxes for the Ohio Department of Taxation testified that only about half a dozen counties send notice of the actions of their boards of revision to the Tax Commissioner. The same witness also testified that the notices the Tax Commissioner receives are discarded. Despite the board's general disregard of the statute and the Tax Commissioner's lack of interest in enforcing it, adherence to R.C. 5715.20 is mandatory.

{¶14} In the filing of appeals, we have held that "[w]here a statute confers the right of appeal, adherence to the conditions thereby imposed is essential to the enjoyment of the right conferred." *Am. Restaurant & Lunch Co. v. Glander* (1946), 147 Ohio St. 147, 34 O.O. 8, 70 N.E.2d 93, paragraph one of the syllabus.

{¶15} The General Assembly set forth in R.C. 5717.01 the procedure to be followed in appealing a decision of a board of revision to the BTA. A board of revision's act of certifying its action to the persons listed in R.C. 5715.20 commences the time for filing an appeal under R.C. 5717.01.

{¶16} Simply because a board of revision or the Tax Commissioner believes that sending notices to the Tax Commissioner as required by R.C. 5715.20 is a useless act does not negate the statutory requirement that they be sent. In *Mentor Exempted Village School Dist. Bd. of Edn. v. Lake Cty. Bd. of Revision* (1980), 61 Ohio St.2d 332, 15 O.O.3d 398, 401 N.E.2d 435, the board of education failed to timely serve a copy of its notice of appeal on the Commissioner of Tax Equalization (now Tax Commissioner) as was required at that time by former R.C. 5717.01. 136 Ohio Laws, Part II, 3265. The Commissioner of Tax Equalization filed an affidavit with the BTA stating that his only function in appeals from the various boards of revision was that of record keeping and that the failure to timely serve him in no way prejudiced him in the performance of his duties. Nevertheless, we affirmed the BTA's dismissal for the failure of the board of education to timely file a copy of the notice of appeal with the Commissioner of Tax Equalization, stating, "[f]iling requirements for notices of appeal are mandatory, jurisdictional requirements which cannot be waived by an affidavit such as the one filed in the case at bar." Id. at 334, 15 O.O.3d 398, 401 N.E.2d 435. The requirement of R.C. 5715.20 that a board of revision certify notice of its action to the Tax Commissioner is a mandatory duty imposed upon a public entity that cannot be ignored.

{¶17} In *Mentor*, we recognized our inference in *Cleveland City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision* (1973), 34 Ohio St.2d 231, 63 O.O.2d

380, 298 N.Ed.2d 125, overruled on other grounds in *Renner v. Tuscarawas Cty. Bd. of Revision* (1991), 59 Ohio St.3d 142, 572 N.E.2d 56, that "the provision in R.C. 5717.01, that an appeal be taken 30 days after notice of the decision of the board of revision is mailed, as provided in R.C. 5715.20, made compliance with the filing requirements of R.C. 5715.20 (which now include filing with the Commissioner of Tax Equalization) a mandatory prerequisite to the right of appeal given by R.C. 5717.01." *Mentor*, 61 Ohio St.2d at 334, 15 O.O.3d 398, 401 N.E.2d 435. We reaffirm that conclusion and hold that the 30-day appeal period set forth in R.C. 5717.01 does not start to run until the required notices are mailed by certified mail to all the persons listed in R.C. 5715.20, including the Tax Commissioner.

**{¶18}** If the Tax Commissioner does not want to receive copies of a board of revision's actions, then he should undertake to have the requirements of R.C. 5715.20 changed; but as long as R.C. 5715.20 requires a board of revision to certify notice of its action to the Tax Commissioner, notices must be mailed to the Tax Commissioner before the R.C. 5717.01 appeal time will begin to run.

**{¶19}** This is the first case to directly question the requirement of R.C. 5715.20 that a board of revision certify its actions to the Tax Commissioner. From the testimony presented before the BTA, it is obvious that most county boards of revision are either unaware of, or ignore, their duty to certify notices of their actions to the Tax Commissioner. Nevertheless, appeals have been routinely filed and litigated in the past without regard to whether the board of revision's action had been certified to the Tax Commissioner. We recognize that our decision today will require many boards of revision to institute procedures to ensure compliance with R.C. 5715.20.

**{¶20}** Under our broad authority to limit the application of our decisions, *OAMCO v. Lindley* (1987), 29 Ohio St.3d 1, 29 OBR 122, 503 N.E.2d 1388, syllabus, we declare that this decision shall, with the exception of the subject litigants and cases currently pending at the time of this decision, operate prospectively only. In doing so, we hold that any appeal that has been completed before the date of this decision shall

remain final, but for those appeals still pending or not yet filed, the R.C. 5717.01 30-day appeal time shall be calculated from the date of the latest certified mailing required by R.C. 5715.20.

{¶21} In view of our decision in this matter, we find it unnecessary to address other issues raised by CEI.

{¶22} Accordingly, we reverse the decision of the BTA in case No. 2001-1009, and remand the CEI cause to the BTA to proceed with the appeal. In addition, we affirm the BTA's decision in case No. 2001-1872, but on different grounds, i.e., the appeal was filed prematurely. We remand the South Broad case to the Montgomery County BOR and order the board to certify its action in this matter to the Tax Commissioner as required by R.C. 5715.20, at which time South Broad's appeal time will begin to run.

Judgment accordingly.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and SUNDERMANN, JJ., concur.

J. HOWARD SUNDERMANN, JR., J., of the First Appellate District, sitting for COOK, J.

————————————

Squire, Sanders & Dempsey, L.L.P., Robin G. Weaver, Thomas S. Kilbane and Thomas G. Kovach, for appellants in case No. 2001-1009.

Charles E. Coulson, Lake County Prosecuting Attorney, Michael P. Brown and James R. Dugan, Assistant Prosecuting Attorneys, for appellees Lake County Board of Revision and Lake County Auditor in case No. 2001-1009.

Finney, Stagnaro, Saba & Klusmeier Co., L.P.A., and Paul T. Saba, for appellant in case No. 2001-1872.

Rich, Crites & Wesp, Jeffrey A. Rich and Mark Gillis, for appellee Kettering City School District in case No. 2001-1872.

————————————