OPINION
{¶ 1} Appellant Five Sac Self-Storage Corporation appeals the decision of the Board of Tax Appeals ("BTA") which dismissed its appeal of the decision of the Fairfield County Board of Revision. The relevant facts leading to this appeal are as follows.
 {¶ 2} In December 1999, appellant purchased real property on Riverway Drive in Lancaster, Ohio, for the purchase price of $1,375,000. Appellant's agent, Charles Nichols, thereafter contacted the Fairfield County Auditor's Office and determined that the tax valuation of the property was more than the purchase price. On January 4, 2001, Nichols filed a complaint with the Fairfield County Board of Revision ("BOR") objecting to and seeking a reduction in said valuation. In a letter dated April 30, 2001, the BOR notified appellant that it had made a decision to reduce the appraised market value of the property. On May 8, 2001, appellant's tax director signed the acknowledgement portion of the letter and returned it to the BOR.
 {¶ 3} However, on May 11, 2001, appellant received correspondence from the BOR indicating that Appellee Board of Education of the Lancaster City Schools District had filed a countercomplaint. A hearing was held on June 1, 2001. On June 5, 2001, appellant received notice from the BOR that its complaint had been dismissed.
 {¶ 4} On June 26, 2001, appellant filed an appeal with the BTA. On February 1, 2002, a hearing was held before the BTA, following which the actions of the BOR were affirmed. Appellant thereupon filed an appeal with this Court, pursuant to R.C. 5717.04. Appellant herein raises the following five Assignments of Error:
 {¶ 5} "I. THE DECISION OF THE BOARD OF TAX APPEALS WAS UNREASONABLE OR UNLAWFUL AND THEREFORE IN ERROR IN FINDING THAT APPELLANT'S VALUATION COMPLAINT, FILED WITH THE FAIRFIELD COUNTY BOARD OF REVISION BY A PERSON SPECIFICALLY AUTHORIZED BY ORC 5715.13 AND ORC 5715.19 AND CHALLENGING THE VALUE OF REAL PROPERTY DUE TO AN ARM'S LENGTH TRANSACTION, DID NOT VEST JURISDICTION WITH THAT BOARD.
 {¶ 6} "II. THE DECISION OF THE BOARD OF TAX APPEALS WAS UNREASONABLE OR UNLAWFUL AND THEREFORE IN ERROR IN FINDING THAT A COMPLAINT FILED SUBSEQUENT TO THE EFFECTIVE DATE OF AMENDED ORC 5715.13 AND ORC 5715.19, BY AN AGENT WHO DOES NOT MEET THE SHARON VILLAGE V. LICKING COUNTY BD. OF REVISION (1997), 78 OHIO ST. 30 (SIC) 479 STANDARDS DOES NOT VEST JURISDICTION WITH A BOARD OF REVISION.
 {¶ 7} "III. THE DECISION OF THE BOARD OF TAX APPEALS WAS UNREASONABLE OR UNLAWFUL AND THEREFORE IN ERROR IN CONCLUDING THAT THE AMENDMENTS FOUND IN SUB. H.B. 694 WERE UNCONSTITUTIONAL VIOLATIONS OF THE SEPARATION OF POWERS.
 {¶ 8} "IV. THE DECISION OF THE BOARD OF TAX APPEALS WAS UNREASONABLE OR UNLAWFUL AND THEREFORE IN ERROR IN CONCLUDING THAT THE FAIRFIELD COUNTY BOARD OF REVISION DID NOT WAIVE ITS RIGHT TO DISMISS APPELLANT'S VALUATION COMPLAINT.
 {¶ 9} "V. THE DECISION OF THE BOARD OF TAX APPEALS WAS UNREASONABLE OR UNLAWFUL AND THEREFORE IN ERROR IN CONCLUDING THAT THE FAIRFIELD COUNTY BOARD OF REVISION WAS NOT ESTOPPED FROM DISMISSING APPELLANT'S VALUATION COMPLAINT."
 I, II, III, IV, V {¶ 10} One day prior to the oral arguments set for the matter sub judice, the Ohio Supreme Court issued its decision in Cleveland Elec.Illum. Co. v. Lake Cty. Bd. of Revision (2002), 96 Ohio St.3d 165,2002-Ohio-4033, 772 N.E.2d 1160, holding at the syllabus: "Boards of revision must certify their actions to all the persons listed in R.C.5715.20, including the Tax Commissioner, to start the running of the appeal time set forth in R.C. 5717.01." Appellant and appellee herein stipulated, prior to the scheduled oral argument, that the case sub judice lacks compliance the holding of Cleveland Elec. Illum. Co. We therefore dismiss the within appeal for want of a final appealable order and remand this matter to the BOR in accordance with aforesaid holding of the Ohio Supreme Court.
 {¶ 11} The appeal of the decision of the Board of Tax Appeals is hereby dismissed and the matter is remanded to the Fairfield County BOR to effectuate compliance with R.C. 5715.20, consistent with the foregoing opinion.
By: Wise, J., Farmer, P.J., and Boggins, J., concur.
Topic: Evaluation of Real Property.