[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Appellant, the Board of Education, Princeton City School District, appeals the decision of the Board of Tax Appeals affirming the Hamilton County Board of Revision's September 2000 decrease of the valuation of certain real property owned by appellee Comcin Ltd. Partnership.
 {¶ 3} On August 21, 2002, the Ohio Supreme Court held that there is a mandatory duty imposed upon boards of revision to certify their actions to all the persons listed in R.C. 5715.20, including the Tax Commissioner. See Cleveland Elec. Illum. Co. v. Lake Cty. Bd. ofRevision, 96 Ohio St.3d 165, 2002-Ohio-4033, 772 N.E.2d 1160, syllabus. The thirty-day appeal period does not start until the required notice is mailed to all the persons listed in the statute. See id. at ¶ 17. The record confirms, and both parties agree, that the Hamilton County Board of Revision did not send a notice of its action to the Tax Commissioner. We therefore dismiss this appeal for want of a final appealable order. See Five Sac Self-Storage Corp. v. Fairfield Cty. Bd. ofRevision, 5th Dist. No. 02 CA 28, 2002-Ohio-5288. All pending motions are overruled as moot.
 {¶ 4} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.