HUGHES, APPELLANT, *v*. OHIO DEPARTMENT OF COMMERCE,
DIVISION OF FINANCIAL INSTITUTIONS, APPELLEE.

[Cite as *Hughes v. Ohio Dept. of Commerce,*
114 Ohio St.3d 47, 2007-Ohio-2877.]

(No. 2006–0107—Submitted January 24, 2007—Decided June 27, 2007.)

LANZINGER, J.

{¶ 1} This case poses two questions concerning jurisdictional requirements for appeal of an agency's final adjudication order. First, must an agency strictly comply with the requirements of R.C. 119.09 before the 15–day appeal period prescribed in R.C. 119.12 commences, and, second, must the original notice of appeal be filed with the agency rather than the common pleas court? Answering both questions in the affirmative, we reverse and dismiss this case.

## Background

{¶ 2} Natalie Hughes, a director of the United Telephone Credit Union in Rocky River, Ohio, appeals from a decision by the Tenth District Court of Appeals that failure to file the original notice of appeal with the agency required dismissal for lack of jurisdiction. On May 28, 2003, the Ohio Department of Commerce, Division of Financial Institutions ("the agency"), had issued a notice of intent to remove Hughes as a director. She did not request a hearing,[1] and the agency issued a final order removing her from office and prohibiting her further participation ("removal order") on July 23, 2003. The removal order contained a "Notice of Appeal Rights," which explained that Hughes had a right to appeal by filing a notice of appeal with the agency and a copy with the Franklin County Court of Common Pleas within 15 days from the mailing of the removal order.

{¶ 3} Hughes filed her original notice of appeal with the Court of Common Pleas of Franklin County and a photocopy of the notice of appeal with the agency. The agency filed a motion to dismiss on grounds that R.C. 119.12 requires that the original notice of appeal be filed with the agency rather than the court of common pleas. Hughes responded with several arguments: first, that the removal order was void because it was not signed by the superintendent as required by R.C. 1733.181; second, that the agency invited any alleged error in filing the notice when it rejected the tender of an original notice of appeal;[2] third, that the agency failed to comply with R.C. 119.09 because it did not send her a certified copy of the removal order; and fourth, that the removal order failed to correctly state the method for perfecting an appeal.

{¶ 4} The common pleas court initially granted the motion to dismiss on the ground that the original notice of appeal was not filed with the agency. On reconsideration, however, the court determined that R.C. 119.12 does not specify that the original notice of appeal must be filed with the agency. Nevertheless, because the order was not signed by the superintendent, and thus was not final or appealable, the common pleas court remanded the matter to the agency for issuance of a final, appealable order.

---

1. Hughes alleges that she was never served with a copy of the notice of intent.

2. There are dueling affidavits on this point. Hughes's attorney states that he talked with someone at the agency and asked if the original notice had to be filed with the agency. The agency representative's affidavit states that the timing of the filing (where the attorney should file first) rather than where the original had to be filed was discussed. Hughes's attorney also states in his affidavit that he tried to tender a second original to the agency but that the agency representative insisted that a copy of the document filed with the court be filed with the agency. The agency denies that this occurred.

{¶ 5} The agency appealed to the Tenth District Court of Appeals and argued that because Hughes had not properly filed the original notice of appeal with the agency, the common pleas court lacked jurisdiction over the administrative appeal. Hughes disputed the agency's claim that the failure to file an original with the agency was a jurisdictional defect and once again raised issues of deficiencies in the notice of appeal rights, as well as the remainder of the removal order.

{¶ 6} The Tenth District determined that compliance with R.C. 119.09 was not raised in the assignments of error and was not germane to its review. *Hughes v. Ohio Dept. of Commerce, Div. of Fin. Institutions,* Franklin App. No. 04AP–1386, 2005-Ohio-6368, 2005 WL 3220219, ¶ 7. Observing that parties must strictly adhere to the filing requirements of R.C. 119.12 to properly perfect an administrative appeal and to invoke the jurisdiction of a common pleas court, the court of appeals held that Hughes's filing of a copy of her notice of appeal with the agency was a jurisdictional defect because the filing did not strictly comply with R.C. 119.12. Id. at ¶ 12, 15. The court of appeals reversed and instructed the common pleas court to dismiss the case for lack of jurisdiction. Id. at ¶ 16.

{¶ 7} We accepted Hughes's discretionary appeal. Both parties argue that the common pleas court lacked jurisdiction over the administrative appeal, but for different reasons. Hughes contends that there was no final, appealable order from which to appeal because the agency failed to strictly comply with R.C. 119.09. The agency asserts that Hughes failed to properly perfect her appeal under R.C. 119.12; by filing the original notice of appeal with the agency, the common pleas court did not have jurisdiction to consider whether the removal order complied with R.C. 119.09. There are two statutes to address.

{¶ 8} Adjudication hearings for certain state agencies, including appellee, are governed by R.C. 119.09. The last paragraph of R.C. 119.09 explains how an agency must notify a party affected by an administrative order: "After such order is entered on its journal, the agency shall serve by certified mail, return receipt requested, upon the party affected thereby, a certified copy of the order and a statement of the time and method by which an appeal may be perfected. A copy of such order shall be mailed to the attorneys or other representatives of record representing the party."

{¶ 9} The rights of a party who wishes to appeal from an administrative order are found in R.C. 119.12: "Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section."

{¶ 10} We have already addressed whether an agency must fully comply with the procedural requirements of R.C. 119.09 before the time for appeal in R.C. 119.12 begins to run. *Sun Refining & Marketing Co. v. Brennan* (1987), 31 Ohio St.3d 306, 31 OBR 584, 511 N.E.2d 112. In *Sun Refining,* the board of building appeals upheld an order to shut down an unfired pressure vessel. The board never sent a copy of the order to the company but sent an uncertified rather than a certified copy of the order to the company's attorney. The common pleas court denied both the board's motion to dismiss, which was based on the company's failure to perfect the appeal within the time allowed, and the company's motion to dismiss, which was based on the board's failure to comply with R.C. 119.09. The court of appeals held that the common pleas court did not have jurisdiction over the appeal because the company had failed to file a notice of appeal with the board within the 15–day period set forth in R.C. 119.12. We reversed and dismissed the case, holding that the procedural requirements of R.C. 119.09 are a condition precedent to the running of the 15–day appeal period. We stated, "The fifteen-day appeal period provided in R.C. 119.12 does not commence to run until the agency whose order is being appealed fully complies with the procedural requirements set forth in R.C. 119.09." *Sun Refining,* 31 Ohio St.3d 306, 31 OBR 584, 511 N.E.2d 112, syllabus.

{¶ 11} The agency argues that *Sun Refining* does not apply, because the same due process concerns do not exist, since the agency did send a copy of its decision to Hughes. A similar issue was presented to us in *Cleveland Elec. Illum. Co. v. Lake Cty. Bd. of Revision,* 96 Ohio St.3d 165, 2002-Ohio-4033, 772 N.E.2d 1160. In *Cleveland Elec. Illum.,* a certified copy was sent to the aggrieved party, but the board of revision did not certify notice of its action to the tax commissioner, as required by R.C. 5715.20. We stated that compliance with the statutory requirement for the board to certify notice of its action to the tax commissioner was mandatory. *Cleveland Elec. Illum.* at ¶ 13. We also held that "as long as R.C. 5715.20 requires a board of revision to certify notice of its action to the Tax Commissioner, notices must be mailed to the Tax Commissioner before the R.C. 5717.01 appeal time will begin to run." Id. at ¶ 18.

{¶ 12} We see no reason to depart from *Sun Refining*'s holding that the time for appeal does not begin to run until the agency complies with R.C. 119.09. The plain language of the statute informs an agency what it must do when it issues a final order. We will, therefore, examine whether the agency strictly complied so as to trigger Hughes's time for appeal.[3]

---

3. The agency urges that if we decide that the R.C. 119.09 analysis should precede the R.C. 119.12 issue, then remand would be appropriate because neither court has reviewed Hughes's R.C. 119.09 objections.

{¶ 13} R.C. 119.09 requires an agency to serve, by certified mail, return receipt requested, a certified copy of the order upon the affected party. The order must include a statement of the time for appeal and the method for perfecting an appeal. Hughes contends that the agency failed to send her a certified copy of its decision and also failed to inform her of the correct method for perfecting an appeal because it did not state that R.C. 119.12 requires the original notice of appeal to be filed with the agency. Certification of the administrative order and the content of the notice of appeal rights are two separate issues.

## Certified Copy

{¶ 14} R.C. 119.01, the definitional section for the chapter on administrative procedure, does not define the term "certified copy." Unless words are otherwise defined or a contrary intent is clearly expressed, we give words in a statute their plain and ordinary meaning. *Ohio Assn. of Pub. School Emps., Chapter No. 672 v. Twin Valley Local School Dist. Bd. of Edn.* (1983), 6 Ohio St.3d 178, 181, 6 OBR 235, 451 N.E.2d 1211; *Coventry Towers, Inc. v. Strongsville* (1985), 18 Ohio St.3d 120, 122, 18 OBR 151, 480 N.E.2d 412. Black's Law Dictionary (8th Ed.2004) defines "certified copy" as "[a] duplicate of an original (usu. official) document, certified as an exact reproduction usu. by the officer responsible for issuing or keeping the original." Id. at 360. This definition is similar to the definitions of "certified copy" the General Assembly has used in R.C. 305.31,[4] 731.32,[5] and 3705.23.[6]

{¶ 15} The agency argues that the removal order was certified by the attestation statement "Witness my hand" which appeared at the end of the order after the notice of appeal rights. This attestation, however, is on the original order and therefore does not serve as a certification that the document sent to Hughes is an exact reproduction of the original. Because the removal order served on Hughes does not contain a signed statement that it is a true and exact reproduction of the original document, the agency failed to comply with R.C. 119.09.

---

4. R.C. 305.31 provides, "As used in this section, 'certified copy' means a copy containing a written statement attesting that it is a true and exact reproduction of the original resolution or rule."

5. R.C. 731.32 provides, "As used in this section, 'certified copy' means a copy containing a written statement attesting that it is a true and exact reproduction of the original proposed ordinance or measure or of the original ordinance or measure."

6. R.C. 3705.23(A)(2) provides, "A certified copy of a vital record may be made by a mechanical, electronic, or other reproduction process. It shall be certified as a true copy by the director, state registrar, or local registrar who has custody of the record and shall include the date of issuance, the name of the issuing officer, the signature of the officer or an authorized facsimile of the signature, and the seal of the issuing office."

## Content of Removal Order

{¶ 16} We next consider Hughes's contention that the removal order was deficient because it did not properly explain the method of appeal. The notice of appeal rights contained in the removal order stated: "Respondent is hereby notified that this Order may be appealed pursuant to Revised Code Section 119.12 by filing a Notice of Appeal with the Division setting forth the Order appealed from and the grounds of the appeal. A copy of such Notice of Appeal shall also be filed with the Court of Common Pleas of Franklin County. Such Notice of Appeal must be filed within fifteen (15) days after the date of the mailing of this Order." This statement tracks the language of R.C. 119.12 and sufficiently alerts Hughes that she must file the original notice of appeal with the agency and a copy with the court of common pleas. The failure to use the word "original" in the notice of appeal rights and in R.C. 119.12, when describing the notice of appeal to be filed with the agency, does not create an ambiguity in the statute. R.C. 119.12 clearly states, "A *copy of such notice of appeal shall also be filed* by the appellant with the court." (Emphasis added.) We have recognized that the notice of appeal filed with the agency and the notice of appeal filed with the common pleas court are distinct documents. *Nibert v. Ohio Dept. of Rehab. & Corr.* (1998), 84 Ohio St.3d 100, 702 N.E.2d 70. There, we held that the 15–day filing requirement expressed in the statute applies both to the notice of appeal filed with the agency and to the copy of the notice filed with the court. Id. at 102, 702 N.E.2d 70. We also determined that applying the 15–day deadline to each filing simplifies the requirements of R.C. 119.12 and promotes procedural efficiency. *Nibert*, 84 Ohio St.3d at 102–103, 702 N.E.2d 70. The content of the notice explaining the method of appeal to Hughes was sufficient.

{¶ 17} Just as we require an agency to strictly comply with the requirements of R.C. 119.09, a party adversely affected by an agency decision must likewise strictly comply with R.C. 119.12 in order to perfect an appeal. As the proverb states, what is good for the goose is good for the gander. Because the agency's description of Hughes's appeal rights tracks the language of the statute, Hughes was properly informed that the original notice of appeal was to be filed with the agency and that a copy of the notice of appeal was to be filed with the common pleas court.

## Conclusion

{¶ 18} The common pleas court lacks jurisdiction over this administrative appeal because a certified copy of the final order was never served on Hughes. If a certified copy had been served, and the appeal time had started to run, the common pleas court still would have lacked jurisdiction because Hughes did not properly file her notice of appeal.

{¶ 19} We hold that an administrative agency must strictly comply with the procedural requirements of R.C. 119.09 for serving the final order of adjudication upon the party affected by it before the 15–day appeal period prescribed in R.C. 119.12 commences. A party aggrieved by an administrative agency's order must file the original notice of appeal with the agency and a copy with the court of common pleas. Here, since the agency failed to properly serve Hughes with a certified copy of the removal order, her appeal period never started to run. Once Hughes is properly served, she may perfect an appeal by filing the original notice of appeal with the agency and a copy of the notice with the court of common pleas.

{¶ 20} The judgment of the Tenth District Court of Appeals is reversed and the cause is dismissed.

Judgment reversed<br>and cause dismissed.

MOYER, C.J., LUNDBERG STRATTON and O'CONNOR, JJ., concur.

PFEIFER, J., concurs in part and dissents in part.

O'DONNELL and CUPP, JJ., dissent.

————————

**PFEIFER, J., concurring in part and dissenting in part.**

{¶ 21} I concur in judgment and in paragraph one of the syllabus. I write separately to dissent from paragraph two of the syllabus because it and the concomitant discussion elevate procedure over substance.

{¶ 22} The whole point of a notice of appeal is to put the opposing party on notice that an appeal has been filed. In this case, it is incontrovertible that the agency was on notice that an appeal had been filed. Yet a majority of this court focuses on a distinction without a difference—whether a copy or an original had been filed with the court or the agency. Either way, both are on notice that an appeal was filed.

{¶ 23} To support its foray into undue legalism, the court states that "what is good for the goose is good for the gander." But "[w]hat is sauce for the goose may be sauce for the gander but is not necessarily sauce for the chicken, the duck, the turkey or the guinea hen." Toklas, The Alice B. Toklas Cookbook (1954) 5. In this case, the fouls are not the same. R.C. 119.09's requirement to serve a "certified copy" of its order serves a legitimate purpose: to inform the affected party of the agency's determination; R.C. 119.12's requirement to file an "original" notice of appeal with the agency serves no purpose. Further, the word "original" does not appear in R.C. 119.12, though it has been inserted into the statute by a majority of this court in contravention of the most basic precept of

statutory construction. *Rice v. CertainTeed Corp.* (1999), 84 Ohio St.3d 417, 419, 704 N.E.2d 1217. The majority opinion justifies inserting "original" into the statute by acknowledging that the word isn't in the statute. That is a strange rationalization. I concur in judgment and dissent in part.

---

O'DONNELL, J., dissenting.

{¶ 24} Respectfully, I dissent.

{¶ 25} Two propositions of law have been presented to the court in this appeal. The first concerns the requirements for filing an administrative appeal pursuant to R.C. 119.12, which is jurisdictional, and the second concerns agency compliance with R.C. 119.09, which affects the validity of the agency's action.

{¶ 26} R.C. 119.12 sets forth the requirements for perfecting an appeal from the decision of an administrative agency: "Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section."

{¶ 27} As this court stated in *Ramsdell v. Ohio Civil Rights Comm.* (1990), 56 Ohio St.3d 24, 27, 563 N.E.2d 285, "We have always considered it to be fundamental that when the right to appeal is conferred by statute, the appeal can be perfected only in the mode prescribed by statute." See, also, *Zier v. Bur. of Unemp. Comp.* (1949), 151 Ohio St. 123, 38 O.O. 573, 84 N.E.2d 746, and *Proctor v. Giles* (1980), 61 Ohio St.2d 211, 15 O.O.3d 227, 400 N.E.2d 393. Furthermore, we emphasized in *Lake Hosp. Sys., Inc. v. Ohio Ins. Guar. Assn.* (1994), 69 Ohio St.3d 521, 525, 634 N.E.2d 611, that "[t]here is no need to liberally construe a statute whose meaning is unequivocal and definite."

{¶ 28} The Tenth District Court of Appeals has regularly reviewed cases involving R.C. 119.12 appeals and has consistently held appellants to a standard of strict statutory compliance in order to perfect such an appeal. See, e.g., *Harrison v. Ohio State Med. Bd.* (1995), 103 Ohio App.3d 317, 659 N.E.2d 368; *In re Namey* (1995), 103 Ohio App.3d 322, 659 N.E.2d 372; *Colonial, Inc. v. Ohio Liquor Control Comm.*, Franklin App. No. 02AP–1019, 2003-Ohio-3121, 2003 WL 21385924; *Berus v. Ohio Dept. of Adm. Servs.*, Franklin App. No. 04AP–1196, 2005-Ohio-3384, 2005 WL 1532400.

{¶ 29} In this instance, Hughes filed her notice of appeal with the court and a copy with the agency, thereby failing to adhere to the statutory requirements of

R.C. 119.12. Accordingly, the trial court never obtained jurisdiction over her appeal. The appellate court said as much in its opinion and ruled accordingly.

{¶ 30} The predicate issue therefore presented to this court is one of jurisdiction: Did Hughes properly file her notice of appeal, or, stated differently, did the trial court obtain jurisdiction over this administrative appeal? I am not able to join my colleagues who appear to reach behind this jurisdictional issue to consider a different issue—that of agency compliance with R.C. 119.09—which the appellate court declined to address because its ruling with respect to R.C. 119.12 rendered the R.C. 119.09 issue moot. It is therefore reviewed for the first time in this court.

{¶ 31} Regardless of whether or not the agency has complied with R.C. 119.09 in removing Hughes from her position as a director of the United Telephone Credit Union, courts cannot exercise jurisdiction unless procedural requisites are satisfied. The threshold issue before this court concerns whether the trial court ever obtained jurisdiction over the parties in this case. After Hughes filed the notice of appeal with the common pleas court, and a copy with the agency, the agency moved to dismiss the appeal for failing to comply with R.C. 119.12. The common pleas court granted that motion, thereby dismissing the appeal. Hughes subsequently moved to reconsider, claiming that the agency failed to comply with R.C. 119.09 in attempting to remove her from her position, and further claiming that R.C. 119.12 does not require the filing of an original notice of appeal with the agency. The court granted the motion to reconsider and remanded to the agency with instructions to issue a final, appealable order in compliance with R.C. 119.09. The agency then appealed, asserting that the trial court lacked jurisdiction because of noncompliance with R.C. 119.12. The question of the proper filing of a notice of appeal pursuant to R.C. 119.12, however, should not be clouded with allegations of noncompliance regarding R.C. 119.09.

{¶ 32} The legislature has prescribed the manner of filing a R.C. 119.12 appeal. No challenge has been presented in this appeal to the legislative authority in that regard, such as is made pursuant to the Modern Courts Amendment; further, whether or not the legislature should revisit R.C. 119.12 is a policy question not before us. The practicality of the appellant's argument is appealing; nevertheless, a body of case law has developed in Ohio that compels a strict interpretation of statutory requirements for filing an administrative appeal pursuant to R.C. 119.12.

{¶ 33} In my view, today's decision will further confuse the body of case law that has existed in this field for at least a dozen years. This is a relatively routine case of failing to strictly comply with statutory directives necessary to vest a court with jurisdiction. I believe the appellate court correctly adjudicated the issue consistent with its own precedent and rulings from this court. The trial

court never obtained jurisdiction over these parties because Hughes filed the notice of appeal with the court instead of the agency and filed a copy with the agency instead of the court. Accordingly, the judgment of the appellate court should be affirmed, and the question of agency compliance with R.C. 119.09 was not properly presented to the court.

CUPP, J., concurs in the foregoing opinion.

———————

Jones Day and Fordham E. Huffman; and Sidley Austin L.L.P., Scott Mendeloff, and Gabriel Aizenberg, for appellant.

Marc Dann, Attorney General, and Stephen Carney, Senior Deputy Solicitor; and Porter Wright Morris & Arthur, Kathleen Trafford, and Polly Harris, for appellee.