OPINION
{¶ 1} This matter comes for consideration upon the record in the trial court and the parties' briefs. Plaintiff-Appellant, G G Guest Homes, Inc. appeals the decision of the Mahoning County Court of Common Pleas dismissing its administrative appeal against Defendant-Appellee, the Ohio Department of Health, for lack of jurisdiction. G G was required to strictly comply with the mandates of R.C. 119.12 and did not, so the trial court properly dismissed the matter. The trial court's decision is affirmed.
 {¶ 2} G G operates under an adult family home license granted by the ODH. On June 7, 2005, the ODH notified G G, of its intent to revoke and not renew its license. On January 30, 2006, an adjudication order revoking and not renewing the license was mailed by the ODH. Pursuant to R.C. 119.12, G G had fifteen days from the date of mailing of the adjudication letter to file an appeal. On February 10, 2006, G G filed a notice of appeal and complaint with the Mahoning County Court of Common Pleas. On that same day, G G mailed a notice of appeal to the ODH.
 {¶ 3} The trial court subsequently determined that the original notice of appeal was filed in the trial court and that a copy of the notice was filed with the ODH. The trial court held that because R.C. 119.12
required the original to be filed with the ODH, it did not have jurisdiction over the matter and therefore dismissed the appeal.
 {¶ 4} In its sole assignment of error, G G argues:
 {¶ 5} "The trial court erred in dismissing the administrative appeal for lack of jurisdiction."
 {¶ 6} R.C. 199.12 describes how a party appeals the decision of an administrative agency. It states:
 {¶ 7} "Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal. A copy of the notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section."
 {¶ 8} The Ohio Supreme Court recently held that parties must strictly comply with *Page 2 
this statute. "Just as we require an agency to strictly comply with the requirements of R.C. 119.09 a party adversely affected by an agency decision must strictly comply with R.C. 119.12 in order to perfect an appeal." Hughes v. Ohio Dept. of Commerce, 114 Ohio St.3d 47,2007-Ohio-2877, at ¶ 17. Accordingly, "[a] party aggrieved by an administrative agency's order must file the original notice of appeal with the agency and a copy with the court of common pleas." Id. at paragraph two of the syllabus.
 {¶ 9} In this case, G G did not strictly comply with the requirements of R.C. 119.12. As a result, the case was not properly before the trial court and it properly dismissed the action. Accordingly, G G's sole assignment of error is meritless and the judgment of the trial court is affirmed.
Donofrio, J., concurs.
 Vukovich, J., concurs. *Page 1