OPINION
{¶ 1} Appellant-appellant, Rodney Teague, appeals from a judgment of the Franklin County Court of Common Pleas dismissing his appeal from an order of the State Personnel Board of Review ("board"). For the following reasons, we affirm.
 {¶ 2} Appellant has been employed by the Franklin County Child Support Enforcement Agency ("agency") as an attorney since 1990. In 2003, the agency reorganized its litigation department and reclassified appellant's position from an attorney 5 to an attorney 2. Appellant's compensation was not reduced by the change. Appellant appealed his reclassification to the board. *Page 2 
 {¶ 3} After a hearing, an administrative law judge ("ALJ") issued a report and recommended that the board affirm appellant's reclassification. The board, over appellant's objections, affirmed appellant's reclassification. Appellant timely appealed that order to the Franklin County Court of Common Pleas.
 {¶ 4} As the appeal proceeded, the trial court, sua sponte, noticed that its file appeared to contain the original notice of appeal, while the board's file appeared to contain copies of the notice of appeal. In a show cause order, the trial court noted that in Hughes v. OhioDepartment of Commerce, 114 Ohio St.3d 47, 2007-Ohio-2877, the Supreme Court of Ohio held that to perfect an appeal pursuant to R.C. 119.12, the party adversely affected by a decision must file the original notice of appeal with the board and a copy of the notice of appeal with the trial court. Because it appeared that appellant did not comply with this procedure, the trial court gave appellant 10 days to show cause why his appeal should not be dismissed.
 {¶ 5} Appellant responded by claiming that the board failed to comply with the requirements of R.C. 119.09 because it did not send him the certified copy of its final order by certified mail. Appellant argued that if the board did not serve him with the certified copy of its final order in the manner required by R.C. 119.09, appellant's appeal time did not commence to run and, therefore, his appeal was premature and his failure to comply with R.C. 119.12 was of no consequence. Appellant requested that the trial court remand the matter to the board so that it could properly serve its final order by certified mail. Presumably, appellant then would refile his appeal.
 {¶ 6} In response to appellant's assertion, the trial court offered both parties an opportunity to file evidence or affidavits to address whether or not the board sent the certified copy of its final order to appellant by certified mail. Appellant did not submit any *Page 3 
evidence. In his brief in response, however, he noted that the board's file did not contain a signed return receipt ("green card"). Therefore, appellant argued that the agency failed to establish service of the order by certified mail. The agency provided an affidavit from James Sprague, the board's executive director and the ALJ who conducted the administrative hearing in this case. In his affidavit, Sprague stated that his review of the file "indicates that a certified copy of the Board's Order in [appellant's case] was sent via certified mail to Appellant." Sprague did not identify what in the file caused him to reach this conclusion.
 {¶ 7} The trial court concluded that there was no evidence that the board failed to serve appellant with the certified copy of its order by certified mail as required by R.C. 119.09. In fact, the trial court noted that Sprague's affidavit was evidence that the board complied with R.C. 119.09. The trial court discounted the absence of a signed green card on the ground that R.C. 119.09 only requires service of a certified copy of the final order by certified mail, not proof of receipt. Accordingly, the trial court dismissed appellant's appeal for his failure to comply with the filing requirements of R.C. 119.12.
 {¶ 8} Thereafter, appellant filed a "motion for reconsideration" and attached his own affidavit in which he admitted that the records of the board reflect the board sent him a certified copy of the order by certified mail. However, appellant denied that he received the order from the board. The record does not reflect how appellant timely appealed the order if he did not receive it. The trial court interpreted appellant's filing as a Civ. R. 60(B) motion. The trial court denied the motion on the ground that appellant failed to meet the requirements of Civ. R. 60(B).
 {¶ 9} Appellant appeals and assigns the following error:
 THE DECISION OF THE LOWER COURT AFFIRMING THE ORDER OF THE STATE PERSONNEL BOARD OF REVIEW *Page 4 
WAS ERRONEOUS INSOFAR AS THE ORDER OF THE BOARD UPHOLDING THE ABOLISHMENT OF RODNEY TEAGUE'S POSITION WAS NOT SERVED ON TEAGUE BY CERTIFIED MAIL.
 {¶ 10} Preliminary, we note that contrary to the statement in appellant's assignment of error, the trial court did not affirm the board's order. Rather, the trial court dismissed appellant's appeal for lack of jurisdiction. Nevertheless, we interpret appellant's assignment of error as challenging the legal basis for the dismissal.
 {¶ 11} In an administrative appeal pursuant to R.C. 119.12, the court of common pleas reviews a board's order to determine whether it is supported by reliable, probative, and substantial evidence and is in accordance with law. R.C. 119.12. In applying this standard, the court must "give due deference to the administrative resolution of evidentiary conflicts." Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108,111.
 {¶ 12} On further appeal to this court, our standard of review is more limited. Unlike the court of common pleas, a court of appeals does not determine the weight of the evidence. Bd. of Edn. of Rossford ExemptedVillage School Dist. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705,707. Our role is limited to a determination of whether the court of common pleas abused its discretion in finding that the board's order was or was not supported by reliable, probative, and substantial evidence.Roy v. Ohio State Med. Bd. (1992), 80 Ohio App.3d 675, 680. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. However, on the question of whether the board's order was in accordance with the law, this court's review is plenary. Univ. Hosp., Univ. ofCincinnati College of Medicine v. State Emp. Relations Bd. (1992),63 Ohio St.3d 339, 343. *Page 5 
 {¶ 13} Because appellant alleges that he did not receive the certified copy of the board's final order by certified mail, appellant contends the trial court erred by dismissing his appeal.
 {¶ 14} The agency initially asserts that appellant waived this argument by failing to timely present his affidavit denying receipt of the certified copy of the board's order by certified mail. We disagree. The failure to timely present evidence in support of an argument is not a wavier of the argument. Here, appellant challenged the method of service of the board's order in response to the trial court's show cause order. Therefore, appellant did not waive this argument.
 {¶ 15} Although appellant did not waive his right to challenge the method of service of the order, appellant has not shown that the trial court erred. In response to the trial court's show cause order, appellant argued that the board failed to send him the certified copy of the board's order by certified mail as required by R.C. 119.09. However, appellant failed to support his response with any evidence. The board submitted Sprague's affidavit in which Sprague stated that his review of the board's file indicated that a certified copy of the order was sent to appellant by certified mail. Therefore, the only evidence before the trial court in connection with the show cause order was Sprague's affidavit.
 {¶ 16} After the trial court dismissed the appeal, appellant submitted his own affidavit in connection with a motion for reconsideration, which the trial court interpreted as a Civ. R. 60(B) motion. Notably, appellant conceded in his affidavit that the board's file reflects that a certified copy of the order was sent by certified mail. Nevertheless, appellant argued that because he did not receive the order and, because the board's file did not contain the "green card," the board failed to demonstrate legally sufficient service. *Page 6 
 {¶ 17} R.C. 119.09 requires only that the administrative agency send a certified copy of the final order by certified mail. We agree with the trial court that evidence that a certified copy of the board's order was sent to appellant by certified mail is sufficient to satisfy the service requirement in R.C. 119.09. R.C. 119.09 does not require specific proof that appellant received the order. A court must give effect to the words of a statute and may not modify an unambiguous statute by deleting words used or inserting words not used. Perrysburg Twp. v. Rossford,103 Ohio St.3d 79, 2004-Ohio-4362, at ¶ 7, quoting Cleveland Elec. IlluminatingCo. v. Cleveland (1988), 37 Ohio St.3d 50, paragraph three of the syllabus. Therefore, the trial court did not err when it determined that the board sent appellant the certified copy of its final order by certified mail. Nor did the trial court err when it dismissed the appeal for appellant's failure to comply with R.C. 119.12.
 {¶ 18} Accordingly, we affirm the judgment of the Franklin County Court of Common Pleas dismissing appellant's appeal.
Judgment affirmed.
TYACK and T. BRYANT, JJ., concur.
T. BRYANT, J., retired, of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1